## MARY E. DWYER AND KENNETH DWYER, HER HUSBAND, PLAINTIFFS, v. VOLMAR TRUCKING CORPORATION, A FOREIGN CORPORATION, DEFENDANT.

Argued November 3, 1928—Decided June 14, 1929.

Before Justice KALISCH, by virtue of the statute.

For the motion, *Joseph C. Paul.*

*Contra, Thomas V. Fields.*

The opinion of the court was delivered by

KALISCH, J. The defendant is a foreign corporation of Brooklyn, New York. The female plaintiff was injured through the alleged negligence of the defendant's servant, while the latter was driving the defendant's motor truck in this state on the 4th day of October, 1926. Service of the summons and complaint was made on the secretary of the state on the 8th day of October, 1928, and was received by the defendant in Brooklyn, by mail, on October 9th, 1928. The foregoing facts, as recited, were agreed upon between counsel of respective parties.

For the defendant it is contended that on the day of the happening of the accident, to wit, October 4th, 1926, there was no statute in New Jersey which provided for the serving of process on a foreign defendant, by serving the secretary of state.

The statute of 1924, entitled, "An act providing for the service of process in a civil suit upon non-residents, chauffeurs, operators, or non-resident owners, whose motor vehicles are operated within the State of New Jersey, without being licensed under the provisions of the laws of the State of New Jersey, providing for the registration and licensing of drivers and operators and of motor vehicles, requiring the execution by them of a power of attorney to the secretary of state of New Jersey, to accept civil process for them under certain conditions" (*Pamph. L.* 1924, *ch.* 232), at the time of the occurrence of the accident was in force in this state, but was later declared to be unconstitutional, by the Supreme Court of the United States, because the statute does not provide for notice of the commencement of the action to the defendant. *Wuchter* v. *Michael Pizzutti,* 276 *U. S. Sup. Ct. Rep.* 13; 72 *U. S. Sup. Ct. L. Ed.* 446.

In 1927 the law making power of this state remedied the defect in the statute, as pointed out in the opinion of the United States Supreme Court, in *Wuchter* v. *Pizzutti, supra. Pamph. L.* 1927, *p.* 441, § 1.

For the defendant it is contended that the amendment of 1927, by reason of its express language, to wit: "From and after the passage of this act any chauffeur, &c.," forbids the operation of the amended statute retroactively, and further, since the defendant's accident happened in 1926 and as the statute of 1924, which was declared unconstitutional, being then *prima facie* valid and in force, and as the amendment of the 1924 act above referred to was enacted in 1927, and the decision of the United States Supreme Court, declaring the 1924 statute unconstitutional, was rendered February 20th, 1928, therefore the statute of 1924 could not be properly amended by the act of 1927.

There is no merit in this contention. The statute is purely

a remedial one. It concerns procedure in serving process upon foreign defendants, under the given circumstances, detailed in the statute. It was failure of the statute of 1924 to make provision for notice to be given the foreign defendant of the commencement of an action against him, that led the United States Supreme Court to declare the act to be unconstitutional. That decision did not operate as a repealer of the statute of 1924, but merely pointed out the constitutional defect existing in the legislative enactment, and decided that the defect tainted the validity thereof and prevented its enforcement, leaving it, however, free to the sovereign power of the state to cure the evil by enacting proper legislation to that end. The legislature in 1927, by an amendment of the statute of 1924, remedied the constitutional defect that rendered the statute unenforceable. The legal effect of the amendment was to incorporate within the terms of the statute of 1924 a provision for a notice to be given to a foreign defendant of the commencement of the action. The language, therefore, of the amendment, to wit: "From and after the passage of this act, any chauffeur," &c., expressly refers to the effect to be given to the statute of 1924, since the amendment becomes a constituent of that statute.

The argument of counsel of defendant, that to give legal effect in the present case, to the amendment, affects a vested right of the defendant since there was no valid process of service upon him at the time the accident occurred.

This is a fallacious conception of the legal rule applicable to legislation relating to matters of procedure.

In *Wanser* v. *Atkinson,* 43 *N. J. L.* 571, Mr. Justice Dixon, in speaking for the Supreme Court (at *p.* 575), says: "Justice Cooley seems to me to state in brief the result of true principles and of the adjudged cases, when he says: 'It would seem that a right cannot be regarded as a vested right, unless it is something more than such a mere expectation and may be based upon an anticipated continuance of the present general laws; it must have become a title, legal or equitable, to the present or future enjoyment of property, or

to the present or future enforcement of a demand, or a legal exemption from a demand made by another.' *Const. Lim.* 359."

"The right to a particular remedy is not a vested right. This is the general rule; and the exceptions are of those peculiar cases in which the remedy is part of the right itself. As a general rule, every state has complete control over the remedies which it offers to suitors in its courts. It may abolish one class of courts and create another. It may give a new and additional remedy for a right already in existence, and it may abolish old remedies and substitute new." *Ibid.* 361.

"And any rule or regulation in regard to the remedy which does not, under pretense of modifying or regulating it, take away or impair the right itself, cannot be regarded as beyond the proper province of legislation."

I have reached the conclusion that the provisions of the statute of 1924, *supra,* as amended in 1927, are applicable to the present case, and therefore the motion to strike out the summons and complaint is denied, with costs.