STATE, *Ex Rel* S. C. COCHRAN, v. MILES W. LEWIS, as Judge of the Circuit Court in and for Duval County

159 So. 792.
Division A.
Opinion Filed February 28, 1935.

*Evan T. Evans,* for Petitioner;

*Cockrell & Cockrell* and *John W. Muskoff,* for Respondent.

*Marks, Marks, Holt, Gray* and *Yates,* as *amici curiae.*

BROWN, J.—This suit involves the constitutional validity of Chapter 14765, of the Laws of 1931, which is entitled:

"An Act to Provide for the Service of Process in Civil Suits Against Nonresident Motor Vehicle Operators, for the Giving of Notice to Such Defendants of the Institution of Such Suits, and Prescribing the Manner in Which Proof of Such Service Shall be Made, and Providing for a Fee to be Paid to the Secretary of State for His Services in Connection Therewith:"

We deem it unnecessary to copy the body of the Act in this opinion as it is available to the bench and bar of the State in the published volume of the General Laws of 1931,

above referred to. The body of the Act is also practically identical, both in its language and in its provisions, with the New Jersey Act which is copied in full in the case of Cohen v. Plutschak, 40 Fed. (2nd) 727, hereinafter referred to.

S. C. Cochran, a resident of the State of Florida, brought suit in the Circuit Court of Duval County against W. S. Piper and the Crystal Tissue Company, a Corporation, resident of the State of Ohio, for damages for personal injuries alleged to have been sustained by the plaintiff as a result of the careless and negligent operation of an automobile upon one of the publc highways in Duval County, Florida, which automobile was at the time of the injury complained of, being driven by W. E. Piper.

The first count of the declaration charged that said Crystal Tissue Company, a Corporation, by and through its servant and employee, the defendant Piper, was operating the automobile at the time of the accident, and that said Piper was at the time acting in the course of his employment as such servant and employee.

The second count alleges that the Crystal Tissue Company was the owner of the automobile which was at the time being operated by said Piper with the knowledge and consent of said owner.

The third count alleges that at the time of the accident the said corporation, by and through its chauffeur, said defendant Piper, was operating said automobile.

The counts of the declaration also show that the automobile was not licensed under the laws of the State of Florida providing for the registration and licensing of motor vehicles, and states the resident addresses of each of the two defendants in the State of Ohio, and also alleges that the plaintiff is, and was at the time of the injury, a resident of the State of Florida.

Service of process upon the defendants was made under the provisions of Chapter 14765, by serving the original and a copy of the summons *ad res* upon the Secretary of State, and sending of notice of such copy of such summons and declaration by the Secretary of State to the respondent defendants by registered mail, and the respective defendants' return receipts, and there is also set forth the affidavit of the Secretary of State, showing compliance with the Act, and the filing of same in the office of the Clerk of the Court where the suit was brought, as provided in Section 2 of said Act.

Each of the defendants specially appeared and filed motions to quash the attempted service of process and return purporting to show the same, upon various grounds, which special appearance was expressly limited for the sole purpose of thus contesting the jurisdiction of the court over the persons of the defendants. The grounds of the respective motions attacked the validity of Chapter 14765 for various alleged reasons, but we will only discuss those grounds which were presented and insisted upon in the briefs, and which we think call for any discussion.

The Circuit Judge sustained and granted said motions to quash and set aside the returns made upon the summons as to each of said defendants.

Whereupon the plaintiff, S. C. Cochran, filed in this court a petition for a writ of mandamus, commanding the Circuit Judge to strike from the record his order quashing the service upon the defendants, and to proceed to a hearing and determination of the cause. The alternative writ was issued and the Circuit Judge filed a return thereto admitting the allegations of the petition in so far as they alleged compliance with Chapter 14765, but denying the validity and constitutionality of said statute and of the service attempted to

be made thereunder, for substantially the same reasons as those set forth in the motions to quash which he had sustained.

Well prepared briefs have been filed by counsel, both for the petitioner, plaintiff in the law action, and the respondent Circuit Judge, and by *amici curiae* discussing various questions, but we take it that there are but two meritorious questions involved in this case.

The first is, whether the limitation by said statute of the right to this special kind of service upon nonresidents to suits brought by *residents of the State of Florida,* is in violation of Section 2 of Art. IV of the Constitution of the United States, to the effect that "the citizens of each State shall be entitled to all privileges and immunities of citizens in the several states."

The second question is, whether or not the Act is unconstitutional under Section 16 of Art. III of our State Constitution, which provides that each law shall embrace but one subject and matter properly connected therewith, which subject should be briefly expressed in the title; or, if the Act is not entirely void by reason of non compliance with said constitutionad provision, whether the effect of the omission from the title of any reference to owners and chauffeurs is to confine the application of the provisions in the body of the Act to the "operators" of motor vehicles, thus making the Act inoperative as to owners and chauffeurs.

While the defendants in the said law action might be precluded from raising the first question above referred to by reason of the familiar rule that the constitutionality of an Act cannot be questioned by a party who is not himself denied some constitutional right or privilege, yet, inasmuch as this case comes before us in the shape of a mandamus proceeding against the Circuit Judge, and we would not be

authorized to command the Circuit Judge to set aside his order and proceed with the case except upon the theory that the Act is a valid and constitutional Act, we think it appropriate for us to consider the question. The material portions of the Act which Circuit Judge Lewis held to be unconstitutional reads as follows:

"Section 1. From and after the passage of this Act, any chauffeur, operator or owner of any motor vehicle, not licensed under the laws of the State of Florida, providing for the registration and licensing of motor vehicles, who shall accept the privilege extended to nonresident chauffeurs, operators and owners by law of driving such a motor vehicle or of having the same driven or operated in the State of Florida, without a Florida registration or license, shall, by such acceptance and the operation of such motor vehicle within the State of Florida, make and constitute the Secretary of State of the State of Florida his, her, their or its agent for the acceptance of process in any civil suit or proceeding by *any resident of the State of Florida* against such chauffeur, operator or the owner of such motor vehicle arising out of or by reason of any accident or collision occurring within the State of Florida in which a motor vehicle operated by such chauffeur, operator or such owner is involved, and the acceptance of the said privilege or the operation of said motor vehicle shall be a signification of his, her, their or its agreement that any such process against him, her, them or it which is so served shall be of the same legal force and validity as if served upon him, her, them or it personally." (Italics supplied.)

It is evident from the record and the briefs that the learned Circuit Judge held the Act unconstitutional because of the fact that it restricts the right of his kind of service

to actions brought by residents of the State of Florida, thereby withholding it from residents of any other State.

While there are some older cases which would tend to sustain the position taken by the Circuit Judge, and also by the defendants in the motion to quash the service, there are some Federal cases later in point of time and more closely analogous in point of fact than those cited in behalf of respondent, which we think are conclusive of the statute's validity in this respect. From two of these cases we will quote portions of the opinions. One of these cases is by the Supreme Court of the United States, decided in May, 1929, and the other is a decision by the United States District Court for the District of New Jersey, decided in March, 1930.

The case of Douglas v. N. Y., N. H. & H. R. Co., 279 U. S. 377, 73 L. Ed., 747, was a suit under the employers' liability Act for personal injuries. The injuries were inflicted in Connecticut. The plaintiff was a citizen and resident of Connecticut and the defendant a Connecticut corporation, although doing business in New York. The suit was brought in New York. Upon motion the trial court dismissed the action, assuming that the statutes of New York gave it a discretion in the matter. Its action was affirmed by the appellate division and by the Court of Appeals. In that case the Supreme Court of the United States, speaking through Mr. Justice HOLMES, said:

"The language of the New York statute, Laws of 1913, Chapter 60, amending Section 1780 of the Code of Civil Procedure, is: 'An action against a foreign corporation may be maintained by another foreign corporation, or by a nonresident, in one of the following cases only; (4) When a foreign corporation is doing business within this state.' Laws 1920, Chap. 916, Sec. 47. The argument for the

petitioner is that, construed as it is, it makes a discrimination between citizens of New York and citizens of other states, because it authorizes the court in its discretion to dismiss an action by a citizen of another state, but not an action brought by a citizen of New York, which last it cannot do. Gregonis v. Philadelphia & R. Coal & I. Co. 235 N. Y. 152, 32 A. L. R. I., 139 N. E. 223. It is said that a citizen of New York is a resident of New York wherever he may be living in fact, and thus that all citizens of New York can bring these actions, whereas citizens of other states cannot unless they are actually living in the state. But however often the word 'resident' may have been used as equivalent to citizen, and for whatever purposes residence may have been assumed to follow citizenship, there is nothing to prohibit the Legislature from using 'resident' in the strict primary sense of one actually living in the place for the time, irrespective even of domicile. If that word in this statute must be so construed in order to uphold the Act or even to avoid serious doubts of its constitutionality we presume that the courts of New York would construe it in that way; as, indeed, the Supreme Court has done already in so many words. Adams v. Penn Bank, 35 Hun, 393; Duquesne Club v. Penn Bank, 35 Hun. 390; Robinson v. Oceanic Steam Nav. Co. 112 N. Y. 325, 2 L. R. A. 636, 19 N. E. 625; Klotz v. Angle, 220 N. Y. 347, 358, 116 N. E. 24. See Canadian Northern R. Co. v. Eggen, 252 U. S. 553, 562, 563, 64 L. Ed. 713, 716, 717, 40 Sup. Ct. Rep. 402. The same meaning seems to be assumed in Gregonis v. Philadelphia & R. Coal & I. Co., *supra*. We cannot presume, against this evidence and in order to overthrow a statute, that the courts of New York would adopt a different rule from that which is well settled here. Panama R. Co.

v. Johnson, 264 U. S. 375, 390, 68 L. Ed. 748, 754, 44 Sup. Ct. Rep. 391.

"Construed as it has been and we believe will be construed, the statute applies to citizens of New York as well as to others and puts them on the same footing. There is no discrimination between citizens as such, and none between nonresidents with regard to these foreign causes of action.

"A distinction of privileges according to residence may be based upon rational considerations and has been upheld by this court, emphasizing the difference between citizenship and residence, in La Tourette v. McMaster, 248 U. S. 465, 63 L. Ed. 362, 39 Sup. Ct. Rep. 160. Followed in Maxwell v. Bugbee, 250 U. S. 525, 539, 63 L. Ed. 1124, 1131, 40 Sup. Ct. Rep. 2. It is true that in Blake v. McClung, 172 U. S. 239, 247, 43 L. Ed. 432, 435, 19 Sup. Ct. Rep. 165, 'residents' was taken to mean citizens in a Tennessee statute of a wholly different scope, but whatever else may be said of the argument in that opinion (compare p. 262, ed.) it cannot prevail over the later decision in La Tourette v. McMaster, and the plain intimations of the New York cases to which we have referred. There are manifest reasons for preferring residents in access to often overcrowded courts, both in convenience and in the fact that, broadly speaking, is it they who pay for maintaining the courts concerned."

The other case referred to is the case of Cohen v. Plutschak, 40 Fed. (2d) 727. The decision in that case involves the validity of a New Jersey Act from which our Act, Chap. 14765, seems to have been copied literally verbatim. The District Court upheld the validity of the New Jersey statute. The opinion in that case reads in part as follows:

"In the case of Wuchter v. Pizzutti, 276 U. S. 13, 18, 48 Sup. Ct. 259, 260, 72 L. Ed., 466, 57 A. L. R. 1230, Mr. Chief Justice TAFT, in delivering the opinion of the court, said: 'It is settled by our decisions that a state's power to regulate the use of its highways extends to their use by nonresidents as well as by residents. Hendrick v. Maryland, 235 U. S. 610, 622, 35 Sup. Ct. 140, 59 L. Ed. 385. We have further held that, in advance of the operation of a motor vehicle on its highway by a nonresident, a state may require him to take out a license and to appoint one of its officials as his agent, on whom process may be served in suits growing out of accidents in such operation. This was under the license Act of New Jersey, last above referred to, and not No. 232, Kans. v. New Jersey, 242, U. S. 160, 167, 37 Sup. Ct. 30, 61 L. Ed. 222. We have also recognized it to be a valid exercise of power by a state, because of its right to regulate the use of its highways by nonresidents, to declare, without exacting a license, that the use of the highway by the nonresident may by statute be treated as the equivalent of the appointment by him of a state official as agent on whom process in such a case may be served. Hess v. Pawloski, 274 U. S. 352, 47 Sup. Ct. 632, 71 L. Ed. 1091.'" In this case the United States Supreme Court set aside the service of a summons on a nonresident defendant which service had been made under the provisions of Chapter 232 (P. L. 1924, p. 517) of the State of New Jersey, on the ground that the statutory provisions in themselves did not indicate that there was a reasonable probability, if the statute was complied with, that the defendant would receive actual notice.

"After that decision, the Legislature of the State of New Jersey amended the Act of 1924, changing it to read as herein set out, and in this Act provided for the service

upon the Secretary of State, or some one designated by him in his office, and further provided that a copy of the summons and complaint should be forthwith sent by registered mail to the defendant, and then provided the procedure as to the proof of such service by return registered receipt and affidavit as to the action of the Secretary of State or his appointee.

"The provisions of the statute, I am satisfied, overcome the objection raised to the Act of 1924 construed in the case of Wuchter v. Pizzutti, *supra,* and from the files and proofs in this case I am satisfied that the provisions of the statute were complied with by service upon the Secretary of State in accordance with the statute, by the mailing of the summons and complaint to the defendant, Wright, and the proof of his receipt as evidenced by the registered return card and the affidavit of the person in the Secretary of State's office designated by him to accept service and to transmit to the defendant. The Act of 1927, *supra,* in my opinion, is constitutional, and gives to nonresidents every opportunity that a resident defendant would have to defend an action of this character. The statute provides that 'the court in which the action is pending may order such continuance as may be necessary to afford the defendant reasonable opportunity to defend the action.' Under this provision of the statute the defendant who was notified, according to the receipt on the registered return card, had ample opportunity to present his defenses before the expiration of the time for filing an answer, and the court was authorized to extend the time if, for any reason, it was desirable so to do."

It seems that in the case just quoted from, the defendant's automobile was engaged in interstate commerce. That question is not raised in this case, but while we are dealing with this question we might call attention to the comments of

the United States District Judge on that phase of the case, as to which he said:

"This contention is disposed of in the case of Kane v. State of New Jersey, 242, U. S. 160, 168, 37 Sup. Ct. 30, 32, 61 L. E. 222, wherein Mr. Justice Brandeis, who delivered the opinion of the Court, said: 'In Hendrick v. Maryland, it appeared only that the nonresident drove his automobile into the state. In this case it is admitted that he was driving through the state. The distinction is of no significance. As we there said (235 U. S. 622, 35 Sup. Ct. 140 , 59 L. Ed. 285); 'In the absence of national legislation covering the subject, a state may rightfully prescribe uniform regulations necessary for public safety and order in respect to the operation upon its highways of all motor vehicles—those moving in interstate commerce as well as others.'

"The Act of the Legislature of New Jersey, passed in 1927, amending the 1924 Act, has been held to be valid in the case of Dwyer v. Volmar Trucking Corporation (Sup.) 146 A. 685. A very similar statute of the State of Minnesota was held to be constitutional and a valid exercise of the state's rights in the case of Jones v. Paxon (D. C.) 27 F. (2d) 364."

Indeed the point above discussed was, contrary to our opinion, well founded, it might be that the validity of this Act could be upheld by regarding the words "by any resident of the State of Florida," contained in the first section of the Act, as being stricken therefrom. (Hayes v. Walker, 54 Fla. 163, 44 So. 747). We do not think it necessary to resort to that rule of construction in order to uphold the constitutionality of this Act.

While the attack made on a similar Massachusetts statute was based on the ground that it contravened the due process

clause of the 14th amendment, the Supreme Court of the United States upheld the constitutionality of that statute. See Hess v. Pawloski, 274, U. S. 352, 71 L. Ed. 1091. The Massachusetts statute did not, however, restrict its operation to suits brought by residents of Massachusetts.

We come not to the second question involved in this case, which is whether or not Chapter 14765 violates the provisions of Section 16 of Article III of the Constitution. The contention is that the title to the Act is too narrow to give the members of the Legislature and all persons purported to be affected by the Act sufficient notice of the extent of the provisions embraced in the Act. Earlier in this opinion we have quoted the title of the Act.

The title and the contents of Chapter 14765, Acts of 1931, each indicate the subject of the enactment to be the service of process in civil actions against nonresident motor vehicle operators.

The Constitution requires the subject of an Act to be "briefly expressed in the title." Thus brevity is expressly required by the Constitution, and when the title of an Act is not so brief or restrictive as to be misleading, it does not violate the organic provision. The title of an Act is not required to be an index to, or to be a duplicate of or to include, all the elements or divisions of the subject contained in the body of the Act; and it will be sufficient if the title fairly indicates the subject of the enactment so as to put interested parties upon inquiry as to the exact scope of the indicated subject of the enactment, it will not violate the organic provisions, if the title is not misleading.

In view of the subject and purpose of the Act, the word "operators" as used in the title has relation to non-residents who in law are responsible for the operation in this State of motor vehicles not licensed by this State, and not only

to the persons who physically operate such vehicles in this State.

The body of the Act embraces "nonresident chauffeurs or operators and owners" "driving" unlicensed motor vehicles "or having the same driven or operated in the State of Florida"; and the title embraces "nonresident motor vehicle operators," which in view of the context of the title may fairly include those who operate motor vehicles through others as their agents or servants. At least the words of the title sufficiently indicate the subject of the Act to put interested parties on enquiry as to the exact scope of the body of the enactment, which contains only matter fairly within the compass of the subject expressed in the title "and matter properly connected therewith," therefore the mandate and limitations of Section 16, Article III of the Constitution are not violated.

We therefore hold that the Act is not subject to any of the objections interposed in the court below, questioning its validity, and the peremptory writ of mandamus will be granted as prayed for.

It is so ordered.

WHITFIELD, C. J., and DAVIS, J., concur.

ELLIS, P. J., and TERRELL, and BUFORD, J. J., concur in the opinion and judgment.