CARROLL, CHAS., Chief Judge.
Appellants, who were plaintiffs below, suffered an adverse decree granted on defendants’ motion for summary final decree.
 The defendants are riparian owners of a parcel of bay front land, located on the west shore of Biscayne Bay within the limits of the City of Miami. They sought to fill in the bay bottom in front of their land out to or towards the channel, as allowed to such an owner under the Riparian Rights Act of 1856 and 1921, the latter known as the Butler Act and appearing in Florida Statutes 1955 as section 271.01, F.S.A., reading as follows:
“The State, subject to any inalienable trust under which the state holds all submerged lands and water privileges within its boundaries, divests itself of all right, title and interest to all lands covered by water lying in front of any track of land owned by the United States or by any person, natural or artificial, or by any municipality, county or governmental corporation under the laws of Florida, lying upon any navigable stream or bay of the sea or harbor, as far as to the edge of the channel; and vests the¡ full title to the same, subject to said trust in and to the riparian proprietors, giving them the full right and privilege to build wharves into streams or waters of the bay or harbor as far as may be necessary to affect the purposes described, and to fill up from the shore, bank or beach as far as may be desired, not obstructing the channel, but leaving full space for the requirements of commerce, and upon lands so filled in to erect warehouses, dwellings or other buildings and also the right to prevent encroachments of any other person upon all such submerged land in the direction of their lines continued to the channel by bill in chancery or at law, and to have and maintain action of trespass in any court of competent jurisdiction in the state, for any interference with such property, also confirming to the riparian proprietors all improvements which may have heretofore been made upon submerged lands; provided, that the grant herein made shall apply to and affect only those submerged lands which have been, or may be hereafter, actually bulkheaded, filled in, or permanently improved, continuously, from high water mark in the direction of the channel, or as near in the direction of the channel as practicable to equitably distribute the submerged lands, and shall in no wise affect such submerged lands until actually filled in or permanently improved.”
In 1957 that statute was replaced by one which changed the process and imposed certain conditions;[1] and it expressly repealed section 271.01.[2] We omit any detailed statement of its provisions, because the defendants relied on their right to proceed under the Butler Act, claiming to be within an exception made by section 11 of the 1957 act;[3] by havisg *173 made the required application to the United States corps of engineers prior to the effective date of the 1957 act.
The appellants Hall and Lawson owned lots in an area which resulted from filling in and hulkheading in 1926 just north of the defendants’ parcel. Plaintiffs’ lots were on the south side of that filled-in property, and they had a waterfront side or end facing south, which would be closed •off if defendants should fill in front of their (defendants’) upland parcel.
Appellants, as plaintiffs, filed a suit for declaratory decree, seeking to prevent the intended fill.[4]
Defendants answered, denying that plaintiffs had acquired riparian rights and averring timely application to the United State corps of engineers as a basis for coming within the exception in section 11 of the 1957 act, thus entitling them as riparian owners to exercise the benefits and privileges granted under the Butler Act.
When the cause came on for hearing on the motions of the parties for summary final decree, the chancellor entered the following decree:
“This cause coming on to be heard upon the respective motions for summary judgment of the plaintiffs and defendants, and said motions being supported by affidavits, depositions and the pleading filed in this cause, and the court, after hearing argument of counsel for the respective parties, being fully advised, finds that there is no genuine issue as to any material fact and the defendants are entitled to a decree as a matter of law; and the court further finds as follows:
“1. That the plaintiff, Bay Shore, Bay Shore Plaza, Park Plaza and Bay Point Property Owners Association, is a non-profit association organized under the laws of the State of Florida;
“2. That plaintiffs, Y. L. Hall and Margaret Hall, his wife, and George W. Lawson and Marie J. Lawson, his wife, are the owners, respectively, of *174 Lots 6 and 7, Block 3, Bay Point Subdivision, and that said lots, with the possible exception of a small portion of Lot 6, consist entirely of land heretofore filled in east from the natural shoreline to the U. S. harbor line by the predecessors in title of the said plaintiffs;
“3. That no riparian rights were conveyed to said individual plaintiffs when they, respectively, acquired title to their said property from their predecessors in title;
“4. That the property of the defendants, Michael Steckloff and Diane Steckloff, husband and wife, and Michael Steckloff, Trustee, to-wit:
“All of Lot ‘A’, except the west 330 feet thereof, Magnolia Park, a subdivision according to the second amended plat thereof on file in the office of the Clerk of the Circuit Court, in and for Dade County, Florida, recorded in Plat Book 5, Page 25 thereof
consists of uplands on the natural shore line of Biscayne Bay; that the established U. S. Harbor Line lies in front of and toward the east of said property of the defendants.
“5. That the defendants, in purchasing said property, acquired all riparian rights pertaining thereto from their predecessors in title.
“6. That defendants had filed their application for permit to fill with the U. S. Corps of Engineers prior to the effective date of chapter 57-362, Laws of Florida 1957, and are exempt from the application of said chapter in accordance with section 11 thereof.
“It is, therefore, Ordered, Adjudged and Decreed as follows:
“1. That the defendants, Michael Steckloff and Diane Steckloff, husband and wife, and Michael Steckloff, Trustee, are the upland and riparian owners of the following described property:
“All of Lot ‘A’ except the west 330 feet thereof, Magnolia Park, a subdivision according to the second amended plat thereof on file in the office of the Clerk of the Circuit Court, in and for Dade County, Florida, recorded in Plat Book 5, page 25 thereof.
“2. That the individual plaintiffs herein do not have riparian rights which would entitle them to prevent the defendants from filling in their land from the present shore line eastward to the U. S. Harbor Line; that the remaining plaintiff does not have any rights which would entitle it to prevent defendants from filling in their land as aforesaid.
“3. That defendants are exempt in accordance with section 11 thereof from the provisions and application of chapter 57-362, Laws of Florida 1957; that said chapter 57-362, including section 11 thereof, is valid and constitutional.
“4. That none of the plaintiffs have any right to prevent the defendants from filling in their land east-wardly from the existing shore line of Biscayne Bay to the U. S. Harbor Line as had previously been done by plaintiffs’ predecessors in title.
“5. That the defendants are not estopped by delay, inaction, or otherwise from filling in their land eastward to the U. S. Harbor Line.
“6. That defendants have established their right as upland owners of said property to fill in said property eastwardly from the existing shore line of Biscayne Bay to the U. S. Harbor Line, pursuant to chapter 8537, Laws of Florida 1921 (commonly referred to as the Butler Act).”
*175 The first point raised by the appellant challenges the finding of the chancellor that the appellants, Hall and Lawson did not acquire riparian rights. This point involves the question of whether an upland owner, upon filling, in front of his land, out to or in the direction of the channel, acquires riparian rights laterally on the sides of his filled in land. That question is one which we are not required to pass upon in this case, because abutting upland owners likewise are entitled to fill in and bulkhead in front of their lands under the Butler Act. Being equally entitled to fill, no such upland owner can be shut off, or have that right taken away from him by a neighbor first filling in that neighbor’s own land. Merrill-Stevens Co. v. Durkee, 62 Fla. 549, 57 So. 428.
In the Merrill-Stevens case, 57 So. at page 432, the court said:
“ * * * The right granted by the statute is not to individuals, but it is a general grant of right to all who come within the designated classes; the purpose of the grant being that each member of the designated classes may have the same exclusive rights in front of the shore line of his own lands, but that no one may have by virtue of the grant a right of the kind granted in submerged lands in front of the shore line of other riparian owners [citing numerous authorities].”
Thus, the fact that an owner of an upland parcel, thirty or more years ago, filled in and bulkheaded the area in front of his parcel does not deprive the appel-lees, as upland owners, from availing themselves of the right granted to such upland owners to fill in and bulkhead in front of their respective adjoining parcels on the shore of the bay.
Appellants argue that appellees’ failure to take advantage of the Butler Act earlier should operate to prevent them from filling in at this late date. That act contains no such restriction or limitation.
Section 11 of chapter 57-362 exempts a riparian owner from the provisions of that statute, if prior to its effective date application was made to the United States corps of engineers for filling in under the Riparian Act — as was done by appellees in this instance. Appellants argue that section 11 of the 1957 act is invalid because of failure to include reference to it in the title of the act, citing Article III, section 16 of the Florida Constitution, F.S.A. The absence of this exemption from the title of the act does not make the act unconstitutional, nor does it affect the validity of the exception. As pointed out in the brief of the Attorney General, where an exception or exemption contained in an act is germane to the subject or object expressed in the title, as was clearly the case here, it is not essential that the title of the act should refer to the exception or exemption thus appearing in its body. 1 Sutherland, Statutory Construction, 3d Ed., § 1717; 50 Am.Jur., Statutes, § 188. See e. g. Apgar v. Wilkinson, 95 Fla. 457, 116 So. 78; State ex rel. Cochran v. Lewis, 118 Fla. 536, 159 So. 792, 99 A.L.R. 123.
The appellants having failed to demonstrate error in the chancellor’s decree, the decree appealed from is hereby affirmed.
Affirmed.
HORTON and PEARSON, JJ., concur.

. Chapter 57-302, Laws of Florida 1957, F.S.A. §§ 253.0013, 253.12 et seq.

. Id., § 9: “Section 271.01, Florida Statutes, is hereby expressly repealed. Provided, however, the title to all lands heretofore filled or developed is herewith confirmed in the upland owners and the trustees shall on request issue a disclaimer to each such owner.”

. Id., § 11, F.S.A. § 253.0013: “The provisions of this act shall not affect or apply to the construction of islands or the ex *173 tension or addition to existing lands or islands bordering on or being in the navigable waters as defined in section 253.12 herein of the state which was commenced or application for permit to fill which was filed with the United States corps of engineers prior to the effective date of this act as to lands or bottoms lying between ordinary high water mark and a bulkhead line heretofore established by any county, city or other political subdivision of the state by official action of its governing body.”

. The prayer of the complaint reveals the several contentions relied on by plaintiffs, as follows:
“The plaintiffs contest the validity of the defendants’ claims as hereinabove set forth and pray this court to determine the rights of the parties as follows:
“1. That the defendants’ claim to a right of disclaimer on said property because of exemption in section 11, chapter 57-362, is illegal and unconstitutional as being in violation of Article III, section 16, of the Constitution of the State of Florida in that the subject matter of said section 11 is not expressed in the title of said chapter 57-362.
“2. That the defendants are estopped to claim upland ownership rights, or fill or bulkhead rights, superior to the plaintiffs’ under the laws of this state due to their long delay in exercising any rights they may have had against the plaintiffs.
“3. That neither the plaintiffs nor defendant can obstruct the view and access of the others from the waters of Biscayne Bay under the laws of this state.
“4. That the defendants have riparian rights equal to plaintiffs’ riparian rights as upland owners and the riparian rights of one are not superior to the other.
“5. That the defendants are not entitled to fill said property in question because defendants were prohibited by chapter 30688, Laws of Florida 1955 [Sp.Acts], from filling said land in question without express authorization from the City of Miami prior to June 11, 1957, and that defendants failed to obtain such authorization prior to said date.
“6. That the defendants do not have any claim superior to the right of the plaintiffs as to use of the property or waters in question under the laws of this state.”