HESS *v.* PAWLOSKI.

ERROR TO THE SUPERIOR COURT OF WORCESTER COUNTY, MASSACHUSETTS.

No. 263.   Argued April 18, 1927.—Decided May 16, 1927.

Massachusetts Gen. Ls., c. 90, as amended by Stat. 1923, c. 431, § 2, which declares that use of the State's highways by a non-resident motorist shall be deemed equivalent to an appointment by him of the registrar as his attorney upon whom process may be served

in any action growing out of any accident or collision in which the non-resident may be involved while operating a motor vehicle upon such highways, and which provides for service in such case by leaving a copy of the process and a fee with the registrar or in his office, but conditions the sufficiency of the service upon the sending of notice of it forthwith and a copy of the process to the defendant by registered mail and upon his actually receiving and receipting for the same, and which allows the non-resident when so served such continuances as may be necessary to afford him a reasonable opportunity to defend the action,—*held* not in conflict with the Due Process Clause of the Fourteenth Amendment. *Kane* v. *New Jersey,* 242 U. S. 160. P. 355.

250 Mass. 22; 253 Mass. 478, affirmed.

ERROR to a judgment of the Superior Court of Worcester County, Massachusetts, entered on rescript from the Supreme Judicial Court, sustaining a verdict for damages in an action for personal injuries inflicted on Pawloski, the plaintiff, by the negligent driving of a motor vehicle, by Hess, non-resident defendant, on a Massachusetts highway.

*Mr. George Gowen Parry* for plaintiff in error.

*Mr. Harry John Meleski* was on the brief for defendant in error.

MR. JUSTICE BUTLER delivered the opinion of the Court.

This action was brought by defendant in error to recover damages for personal injuries. The declaration alleged that plaintiff in error negligently and wantonly drove a motor vehicle on a public highway in Massachusetts and that by reason thereof the vehicle struck and injured defendant in error. Plaintiff in error is a resident of Pennsylvania. No personal service was made on him and no property belonging to him was attached. The service of process was made in compliance with c.

90, General Laws of Massachusetts, as amended by Stat. 1923, c. 431, §2, the material parts of which follow:

" The acceptance by a non-resident of the rights and privileges conferred by section three or four, as evidenced by his operating a motor vehicle thereunder, or the operation by a non-resident of a motor vehicle on a public way in the commonwealth other than under said sections, shall be deemed equivalent to an appointment by such non-resident of the registrar or his successor in office, to be his true and lawful attorney upon whom may be served all lawful processes in any action or proceeding against him, growing out of any accident or collision in which said non-resident may be involved while operating a motor vehicle on such a way, and said acceptance or operation shall be a signification of his agreement that any such process against him which is so served shall be of the same legal force and validity as if served on him personally. Service of such process shall be made by leaving a copy of the process with a fee of two dollars in the hands of the registrar, or in his office, and such service shall be sufficient service upon the said non-resident; provided, that notice of such service and a copy of the process are forthwith sent by registered mail by the plaintiff to the defendant, and the defendant's return receipt and the plaintiff's affidavit of compliance herewith are appended to the writ and entered with the declaration. The court in which the action is pending may order such continuances as may be necessary to afford the defendant reasonable opportunity to defend the action."

Plaintiff in error appeared specially for the purpose of contesting jurisdiction and filed an answer in abatement and moved to dismiss on the ground that the service of process, if sustained, would deprive him of his property without due process of law in violation of the Fourteenth Amendment. The court overruled the answer in abatement and denied the motion. The Supreme Judicial

Court held the statute to be a valid exercise of the police power, and affirmed the order. 250 Mass. 22. At the trial the contention was renewed and again denied. Plaintiff in error excepted. The jury returned a verdict for defendant in error. The exceptions were overruled by the Supreme Judicial Court. 253 Mass. 478. Thereupon the Superior Court entered judgment. The writ of error was allowed by the chief justice of that court.

The question is whether the Massachusetts enactment contravenes the due process clause of the Fourteenth Amendment.

The process of a court of one State cannot run into another and summon a party there domiciled to respond to proceedings against him. Notice sent outside the State to a non-resident is unavailing to give jurisdiction in an action against him personally for money recovery. *Pennoyer* v. *Neff*, 95 U. S. 714. There must be actual service within the State of notice upon him or upon some one authorized to accept service for him. *Goldey* v. *Morning News*, 156 U. S. 518. A personal judgment rendered against a non-resident who has neither been served with process nor appeared in the suit is without validity. *McDonald* v. *Mabee*, 243 U. S. 90. The mere transaction of business in a State by non-resident natural persons does not imply consent to be bound by the process of its courts. *Flexner* v. *Farson*, 248 U. S. 289. The power of a State to exclude foreign corporations, although not absolute but qualified, is the ground on which such an implication is supported as to them. *Pennsylvania Fire Insurance Co.* v. *Gold Issue Mining Co.*, 243 U. S. 93, 96. But a State may not withhold from non-resident individuals the right of doing business therein. The privileges and immunities clause of the Constitution, § 2, Art. IV, safeguards to the citizens of one State the right " to pass through, or to reside in any other state for purposes of trade, agriculture, professional pursuits, or otherwise."

And it prohibits state legislation discriminating against citizens of other States, *Corfield* v. *Coryell,* 4 Wash. C. C. 371, 381; *Ward* v. *Maryland,* 12 Wall. 418, 430; *Paul* v. *Virginia,* 8 Wall. 168, 180.

Motor vehicles are dangerous machines; and, even when skillfully and carefully operated, their use is attended by serious dangers to persons and property. In the public interest the State may make and enforce regulations reasonably calculated to promote care on the part of all, residents and non-residents alike, who use its highways. The measure in question operates to require a non-resident to answer for his conduct in the State where arise causes of action alleged against him, as well as to provide for a claimant a convenient method by which he may sue to enforce his rights. Under the statute the implied consent is limited to proceedings growing out of accidents or collisions on a highway in which the non-resident may be involved. It is required that he shall actually receive and receipt for notice of the service and a copy of the process. And it contemplates such continuances as may be found necessary to give reasonable time and opportunity for defense. It makes no hostile discrimination against non-residents but tends to put them on the same footing as residents. Literal and precise equality in respect of this matter is not attainable; it is not required. *Canadian Northern Ry. Co.* v. *Eggen,* 252 U. S. 553, 561–562. The State's power to regulate the use of its highways extends to their use by non-residents as well as by residents. *Hendrick* v. *Maryland,* 235 U. S. 610, 622. And, in advance of the operation of a motor vehicle on its highway by a non-resident, the State may require him to appoint one of its officials as his agent on whom process may be served in proceedings growing out of such use. *Kane* v. *New Jersey,* 242 U. S. 160, 167. That case recognizes power of the State to exclude a non-resident until the formal appointment is made. And, having the power so to exclude, the State

may declare that the use of the highway by the non-resident is the equivalent of the appointment of the registrar as agent on. whom process may· be served. Cf. *Pennsylvania Fire Insurance Co.* v. *Gold Issue Mining Co., supra,* 96; *Lafayette Ins. Co.* v. *French,* 18 How. 404, 407–408. The difference between the formal and implied appointment is not substantial so far as concerns the application of the due process clause of the Four-teenth Amendment.

. . *Judgment affirmed.*