## COHEN v. PLUTSCHAK et al.

District Court, D. New Jersey.

March 22, 1930.

Francis J. Smith, of Camden, N. J., for the motion.

Samuel G. Cohen, of New Brunswick, N. J., opposed.

AVIS, District Judge.

This action was originally begun in Middlesex county circuit court; the two defendants being nonresidents of the state of New Jersey, and the plaintiff being a resident.

Service of the summons and complaint was made upon the defendants under the provisions of chapter 232 of the Act of 1924 (N. J. P. L. p. 517), as amended by chapter 232, Pamphlet Laws 1927, which latter enactment reads as follows:

"1. Section one of the act of which this act is amendatory be and the same hereby is amended so that the same shall read as follows:

"1. From end after the passage of this act any chauffeur, operator or owner of any motor vehicle, not licensed under the laws of the State of New Jersey, providing for the registration and licensing of motor vehicles, who shall accept the privilege extended to nonresident chauffeurs, operators and owners by law of driving such a motor vehicle or of having the same driven or operated in the State of New Jersey, without a New Jersey registration or license, shall, by such acceptance and the operation of such automobile within the State of New Jersey, make and constitute the Secretary of State of the State of New Jersey his, her or their agent for the acceptance of process in any civil suit or proceeding by any resident of the State of New Jersey against such chauffeur, operator or the owner of such motor vehicle, arising out of or by reason of any accident or collision occurring within the State in which a motor vehicle operated by such chauffeur, or operator, or such owner is involved; and the acceptance of the said privilege or the operation of said motor vehicle shall be a signification of his, her or their agreement that any such process against him, her or them which is so served shall be of the same legal force and validity as if served upon him, her or them personally. Service of such process shall be made by leaving the original and a copy of the summons and complaint, with a fee of two dollars, in the hands of the Secretary of State of the State of New Jersey, or someone designated by him in his office, and such service shall be sufficient service upon the said nonresident chauffeur, operator or owner; provided, that notice of such service and the copy of the summons and complaint are forthwith sent by registered mail to the defendant by the Secretary of State or such person acting for him in his said office, and the defendant's return receipt and the affidavit of the Secretary of State or such person in his office acting for him, of the compliance herewith are appended to the said summons and complaint and filed in the office of the clerk of the court wherein the said action may be pending; provided, also, that the date of the said mailing and the date of the receipt of the return card aforesaid are properly endorsed on the said summons and complaint and signed by the said Secretary of State or someone acting for him. The court in which the action is pending may order such continuances as may be necessary to afford the defendant reasonable opportunity to defend the action. The fee of two dollars paid by the plaintiff to the Secretary of State at the time of the service shall be taxed in his costs if he prevails in the suit. The said Secretary of State shall keep a record of all such processes, which shall show the day and hour of said service." N. J. P. L. 1927, pp. 441–443.

The proofs show that service was made on the secretary of state in accordance with the above statute, on October 9, 1929, and forthwith a notice of the service, with a copy of the summons and complaint, was sent to the defendants, by registered mail, and the affidavit of the representative of the secretary of state shows that the return card was signed by the defendant J. Phillip Wright, who re-

ceived the same and receipted therefor on October 10, 1929, at Preston, Md.

Subsequently application was made to the Middlesex county circuit court by the defendant Wright by petition, alleging diversity of citizenship of plaintiff and petitioner, and that the amount in dispute was in excess of $3,000, and praying for the removal of this suit before trial into this court. Upon this petition, the judge of the said circuit court, on November 13, 1929, made an order of removal, and this cause was duly removed, and the case now appears to be legally here.

The defendant Wright now seeks to set aside the service of the summons and dismiss the suit, on the following grounds, as alleged in the notice:

"1. That the summons has never been legally served upon the defendant, J. Phillip Wright, and that the said J. Phillip Wright is not properly in Court for the purposes of this suit.

"2. That the Court cannot have any jurisdiction of such actions unless service is made personally, upon the defendants herein, and service cannot be made upon said defendant unless he is within the State.

"3. That service made pursuant to Chapter 232 of the Laws of 1924 as amended or supplemented by the Chapter 232 of the Laws of 1927 is a nullity, is void and of no effect.

"4. That the complaint does not show that the defendant is a non-resident nor does it show that the automobile or truck is not registered in this state.

"5. That the defendant is not such a person as contemplated by the terms of the Act.

"6. That the summons and complaint has not been served in the manner provided by the Act.

"7. That the Secretary of State has not done each and every necessary thing to give the Court jurisdiction over the defendants."

The grounds alleged in paragraphs 6 and 7 are not argued in the brief filed for defendant Wright, and my recollection is that, at time of argument, they were specifically abandoned.

Grounds 1, 2, and 3, set out in the notice, are practically identical, and in fact all attack the constitutionality of the New Jersey statute heretofore set forth.

■ Counsel for the defendant Wright contends that the service of process is illegal and in violation of the due process clause of the Fourteenth Amendment to the Constitution of the United States. In the case of Hess v. Pawloski, 274 U. S. 352, 356, 47 S. Ct. 632, 633, 71 L. Ed. 1091, it is held: "Motor vehicles are dangerous machines, and, even when skillfully and carefully operated, their use is attended by serious dangers to persons and property. In the public interest the state may make and enforce regulations reasonably calculated to promote care on the part of all, residents and nonresidents alike, who use its highways."

The provision of section 2, art. 4, of the United States Constitution, safeguards to the citizens of one state the right "to pass through, or to reside in any other state, for purposes of trade, agriculture, professional pursuits, or otherwise." Corfield v. Coryell, Fed. Cas. No. 3,230. This provision of the Constitution prevents the state of New Jersey from passing any legislation which may in any way obstruct the right of a citizen of any state of the United States to go into, or to pass through, the territory of the state of New Jersey, but in no way prohibits the Legislature of the state from enacting legislation for the purpose of holding a nonresident responsible for damages inflicted by himself, or his servant or agent, by reason of the careless operation of an automobile, or motor vehicle, while within the bounds of the state.

■ In the case of Wuchter v. Pizzutti, 276 U. S. 13, 18, 48 S. Ct. 259, 260, 72 L. Ed. 446, 57 A. L. R. 1230, Mr. Chief Justice Taft, in delivering the opinion of the court, said: "It is settled by our decisions that a state's power to regulate the use of its highways extends to their use by nonresidents as well as by residents. Hendrick v. Maryland, 235 U. S. 610, 622, 35 S. Ct. 140, 59 L. Ed. 385. We have further held that, in advance of the operation of a motor vehicle on its highways by a nonresident, a state may require him to take out a license and to appoint one of its officials as his agent, on whom process may be served in suits growing out of accidents in such operation. This was under the license act of New Jersey, last above referred to, and not No. 232. Kane v. New Jersey, 242 U. S. 160, 167, 37 S. Ct. 30, 61 L. Ed. 222. We have also recognized it to be a valid exercise of power by a state, because of its right to regulate the use of its highways by nonresidents, to declare, without exacting a license, that the use of the highway by the nonresident may by statute be treated as the equivalent of the appointment by him of a state official as agent on whom process in such a case may be served. Hess v. Pawloski, 274 U. S. 352, 47 S. Ct. 632, 71 L. Ed. 1091."

In this case the United States Supreme

Court set aside the service of a summons on a nonresident defendant, which service had been made under the provisions of chapter 232 (P. L. 1924, p. 517) of the state of New Jersey, on the ground that the statutory provisions in themselves did not indicate that there was a reasonable probability, if the statute was complied with, that the defendant would receive actual notice.

After this decision, the Legislature of the state of New Jersey amended the act of 1924, changing it to read as herein set out, and in this act provided for the service upon the secretary of state, or some one designated by him in his office, and further provided that a copy of the summons and complaint should be forthwith sent by registered mail to the defendant, and then provided the procedure as to the proof of such service by return registered receipt and affidavit as to the action of the secretary of state or his appointee.

The provisions of the new statute, I am satisfied, overcome the objection raised to the act of 1924 construed in the case of Wuchter v. Pizzutti, supra, and from the files and proofs in this case I am satisfied that the provisions of the statute were complied with by service upon the secretary of state in accordance with the statute, by the mailing of the summons and complaint to the defendant Wright and the proof of his receipt as evidenced by the registered return card and the affidavit of the person in the secretary of state's office designated by him to accept service and to transmit to the defendant. The act of 1927, supra, in my opinion, is constitutional, and gives to nonresidents every opportunity that a resident defendant would have to defend an action of this character. The statute provides that "the court in which the action is pending may order such continuances as may be necessary to afford the defendant reasonable opportunity to defend the action." Under this provision of the statute the defendant who was notified, according to the receipt on the registered return card, had ample opportunity to present his defenses before the expiration of the time for filing an answer, and the court was authorized to extend the time if, for any reason, it was desirable so to do.

This disposes of the first three grounds alleged in the notice filed by counsel for the defendant Wright. In the brief for the defendant Wright, it is alleged that the defendant cannot be brought into court under this statute because of the fact that it is alleged and admitted by counsel for the plaintiff that the defendants' automobile, or motor vehicle, was engaged in interstate commerce, and that the statute contemplated only nonresidents who were coming into the state, and not with relation to those who were passing through the state from one border to the other.

This contention is disposed of in the case of Kane v. State of New Jersey, 242 U. S. 160, 168, 37 S. Ct. 30, 32, 61 L. Ed. 222, wherein Mr. J. Brandeis, who delivered the opinion of the court, said: "In Hendrick v. Maryland, it appeared only that the nonresident drove his automobile into the state. In this case it is admitted that he was driving through the state. The distinction is of no significance. As we there said [235 U. S. 622, 35 S. Ct. 140, 59 L. Ed. 385]: 'In the absence of national legislation covering the subject, a state may rightfully prescribe uniform regulations necessary for public safety and order in respect to the operation upon its highways of all motor vehicles—those moving in interstate commerce as well as others.' "

The act of the Legislature of New Jersey, passed in 1927, amending the 1924 act, has been held to be valid in the case of Dwyer v. Volmar Trucking Corporation (Sup.) 146 A. 685. A very similar statute of the state of Minnesota was held to be constitutional and a valid exercise of the state's rights in the case of Jones v. Paxton (D. C.) 27 F. (2d) 364.

This disposes of all questions argued by counsel for the defendant, and I am convinced that the act of the New Jersey Legislature, chapter 232, P. L. 1927, p. 441, is constitutional; that the procedure therein provided is not discriminative as against citizens of another state; that it applies to persons engaged in interstate commerce who are traveling through the state in cases where the point of commencing the journey is in one state and the destination another, both outside the bounds of New Jersey; and that in this case the provisions of the statute were complied with.

The action to set aside service of summons and complaint is denied