## Lewis v. James

*S. Harold Grossman* and *L. Pat. McGrath*, for plaintiff.
*Moorhead & Knox*, for defendant.

SOFFEL, J., December 21, 1932.—This case is before the court on defendant's rule to set aside service of summons and return thereof.

On November 24, 1931, an action in trespass was instituted by the plaintiff to recover damages alleged to have resulted from an automobile accident that occurred in Allegheny County, Pa. The defendant is a resident of the State of Oklahoma. On December 16, 1931, the writ was returned by the Sheriff of Allegheny County. The sheriff's return in this case reads as follows:

"And now, to wit, this 25th day of November, 1931, I hereby deputize the Sheriff of Dauphin County, Pa., to serve the within writ with copy of statement of claim on Secretary of Revenue for Pennsylvania, who will accept service for within-named defendant.

"So answers.                                     "ROBERT S. CAIN,
                                                 "Sheriff, Allegheny County.

"Served November 27, 1931, on Secretary of Revenue for Pennsylvania by Sheriff of Dauphin County as per his return attached hereto, and on the same date sent by registered mail to last known address of defendant, No. 1109 Indian Drive, Oklahoma City, Okla., a true and attested copy properly endorsed by Secretary of Revenue for Pennsylvania, same was returned by post office endorsed 'No such street in carrier delivery, not in directory.' I am therefore returning nihil habet as to defendant. $7.55 paid to Sheriff of Dauphin County.

"So answers.                                     "FRANK I. GOLLMAR,
                                                 "Sheriff."

Attached to the return of the service is the unopened letter which was sent to the defendant at the wrong address and returned by the post office. The letter had been addressed to the defendant at No. 1109 Indian Drive, Oklahoma City, Okla., and it is contended that the defendant's address was Enid, Okla.

An appearance d. b. e. was entered for the defendant and this court is now called upon to determine whether the service of process in this case and the return of such service should not be set aside. The question for consideration is whether the service of process in this case and the return of such service was sufficient to establish the jurisdiction of the county court over the defendant.

The defendant is a nonresident of the State of Pennsylvania. Service must be had upon him by virtue of statutory authority: Pennoyer v. Neff, 95 U. S. 714, 24 L. Ed. 565.

The Act of May 14, 1929, P. L. 1721, as amended by the Act of April 24, 1931, P. L. 50, provides for the service of process in an action against a nonresident owner or operator of a motor vehicle as follows:

"Such process shall be served, by the officer to whom the same shall be directed or by the sheriff of Dauphin County, who may be deputized for such purposes by the officer to whom the service is directed, upon the Secretary of Revenue of the Commonwealth of Pennsylvania, by leaving at the office of said secretary, at least fifteen (15) days before the return day of such process, a true and attested copy thereof, and by sending to the defendant, by registered mail, postage prepaid, a like true and attested copy, with an endorsement thereon of the service upon said Secretary of Revenue, addressed to such defendant at his last known address. The registered mail return receipt of such defendant shall be attached to and made a part of the return of service of such process."

The act directs that "the registered mail return receipt of such defendant shall be attached to and made a part of the return of service of such process." In the present case the registered mail return receipt of the defendant was not and could not have been attached to and made a part of the return of service. The court is of the opinion that the provision in the statute requiring the return receipt of the defendant to be attached is mandatory. In Wuchter v. Pizzutti, 276 U. S. 13, a New Jersey statute providing for service of process upon nonresident operators of motor vehicles was held to be unconstitutional because it contained no provision for notice to the defendant of institution of the suit. In Hess v. Pawloski, 274 U. S. 352, a Massachusetts statute dealing with the same subject, and very similar to the Pennsylvania statute, was held to be constitutional. Mr. Justice Butler there held that the Massachusetts statute requires that the defendant actually receive and receipt for the notice of the service and a copy of the process. The Pennsylvania statute, however, does not go to this extent and does not require that the defendant personally sign the receipt. In Miller v. Wormald, 16 D. & C. 465, the Act of May 14, 1929, P. L. 1721, is considered and the constitutionality of the act sustained. In Wiest v. Heffernan, 17 D. & C. 212, Judge Barnett in an exhaustive opinion considers the Act of May 14, 1929, and the sufficiency of the service. At page 217 the court says:

"When the Act of 1929 provided that 'the registered mail return receipt of such defendant shall be attached to and made a part of the return of service of such process,' it must be assumed to have intended a receipt signed in the manner contemplated by the Federal Postal Law, according to the practice with which everybody is familiar; otherwise the sufficiency of the notice would depend, not upon a strict compliance with the provisions of the act, but upon the mere chance that the addressee might happen to sign the receipt in person. In Hess v. Pawloski, supra, Mr. Justice Butler says of the Massachusetts statute: 'It is required that [the defendant] shall actually receive and receipt for notice of the service and a copy of the process,' but he does not say that the statute but for such rigid requirement would have been unconstitutional; and since in that case the return receipt had been signed by the defendant personally, the present question was not before the Supreme Court and the quoted language may be regarded as used arguendo. It would seem to be an unnecessary weak-

ness in the Massachusetts act, as in our own, that it requires the return card to be attached to the official return of service. A shrewd defendant, having been involved in an automobile accident in another state and anticipating suit, may refuse to sign the receipt for the official looking envelope offered by the postman and take care that no one shall sign it for him. Without such requirement, the mailing of the notice, postage prepaid, to the defendant's last known address makes it 'reasonably probable that he will receive actual notice.' "

Judge Barnett here definitely indicates that the statutory provision requiring the return receipt to be made part of the return is mandatory under the Pennsylvania statute. The wisdom of this provision as pointed out in the opinion cited may be questioned, but that it is mandatory there can be no doubt.

### Order

And now, to wit, December 21, 1932, defendant's rule to show cause why the service of summons and the return of service in this case should not be set aside is made absolute.

From William J. Aiken, Pittsburgh, Pa.