William JENKINS, Susann Jenkins, Katheryn Jenkins, Sarah Jenkins, David Jenkins, and Faye Jenkins, by Agnes Jenkins, their natural guardian, and Agnes Jenkins

v.

DELL PUBLISHING COMPANY, Incorporated, a New York Corporation.

Civ. A. No. 12944.

United States District Court
W. D. Pennsylvania.

June 8, 1955.

William C. Smith, Jr., Smith, Weaver, Richardson & Smith, Pittsburgh, Pa., for plaintiffs.

Charles C. Arensberg, Patterson, Crawford, Arensberg & Dunn, Pittsburgh, Pa., for defendant.

MARSH, District Judge.

After reargument [1] and upon due consideration of the competent and comprehensive briefs submitted by both sides, I am not convinced that this suit should be dismissed. From the arguments of the defendant, I think it has lost sight of the fact that this cause of action is grounded in its own acts of tortiously publishing a picture of the plaintiffs in its magazine, the circulation of which it actively promoted through its agents in Pennsylvania. Each time the accused picture was brought to the attention of a third party in Pennsylvania, there occurred a publication in the legal sense [cf. Restatement, Torts § 577 (1938)], which allegedly resulted in damage to plaintiffs.

By analogy to the case of a nonresident motorist who causes injury to a citizen of a particular state, cf. Hess v. Pawloski, 1927, 274 U.S. 352, 47 S.Ct. 632, 71 L.Ed. 1091, it seems only fair and just that the foreign corporation should stand trial in the state where it committed the tort. It seems plain that the Pennsylvania Legislature intended that its courts should have jurisdiction over causes of action against foreign corporations "arising out of acts * * of such corporation within this Commonwealth", provided that the activities of the agents of the foreign corporation therein were for "the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object," which assuredly in this case they were. 15 Purdon's Pa.Stat.Ann. § 2852–1011, subds. B, C. It is also plain that the Legislature recognizes the existence of a cause of action for invasion of an individual's right of privacy by unauthorized publication of his picture in this State. See: Act of August 21, 1953, P. L. 1242, 12 Purdon's Pa.Stat.Ann. § 2090.1 et seq.[2]

The defendant cites the recent cases of Roy Stone Transfer Corp. v. Messner, 1954, 377 Pa. 234, 103 A.2d 700, and Commonwealth of Pennsylvania v. Eastman Kodak Company, C.P.Pa.1955, 67 Dauph. 288, involving the "Corporation Income Tax Act" of December 27, 1951, P.L. 1763, 72 Purdon's Pa.Stat.Ann. § 3420n–1 et seq., for analogous authority that the Supreme Court of Pennsylvania would dismiss this action on constitutional grounds. We cannot agree with the defendant. There are too many pitfalls in translating implications from the special aspects of one statute to another, and especially so here, where, as between the "Corporation Net Income Tax Act" and the "Business Corporation Law" of Pennsylvania, vastly significant differences exist.

The additional authorities which plaintiffs cite, viz.: Kahn v. Maico Co., 4 Cir., 1954, 216 F.2d 233; Green v. Equitable Powder Mfg. Co., D.C.W.D.Ark.1951, 99 F.Supp. 237; Johns v. Bay State Abrasive Products Co., D.C.Md.1950, 89 F. Supp. 654; Compania De Astral, S. A. v. Boston Metals Co., Md.1954, 107 A.2d 357; Symth v. Twin State Improvement Corp., 1951, 116 Vt. 569, 80 A.2d 664, 25 A.L.R.2d 1193; are persuasive that the order denying the motion to dismiss should not be disturbed.

1. Original opinion, D.C.W.D.Pa.1955, 130 F.Supp. 104.

2. Apparently the Legislature, in thus enacting the Uniform Single Publication Act, has grasped the implications growing out of the magnitude of the operation of publishing houses, both foreign and domestic. The Act, while giving such corporations additional protection, has in no way provided an absolute shield. While the defendant may only be liable once, the point is that it *may* be liable and in *this* Commonwealth.