AMERICAN STATES INS. CO., a Corporation, Plaintiff, v. OK TRUCKING COMPANY, and ATOMIC DISTRIBUTING COMPANY, Defendants. SAVAGE, Plaintiff, v. OK TRUCKING COMPANY, and ATOMIC DISTRIBUTING COMPANY, Defendants. RICE, Plaintiff, v. OK TRUCKING COMPANY, and ATOMIC DISTRIBUTING COMPANY, Defendants.

Common Pleas Court, Hamilton County.

Nos. A-161210, A-161211, A-161212, A-161213.　Decided January 28, 1958.

468

Lindhorst & Dreidame, for plaintiffs.
Rendigs, Fry & Kiely, By William H. Hutcherson, Jr., for Atomic Distributing Company.

## OPINION

By LEIS, J.:

These four cases are before the Court on an identical question of law, and arise out of the same alleged motor vehicle collision which occurred near the intersection of Ohio Route 247 and U. S. Route 52 in Adams County, Ohio.

The common defendants are alleged to be joint and concurrent tortfeasors through the negligence of their agents and servants in the operation of their tractor-trailers on the highway.

Plaintiffs are respectively the driver of a 1955 Ford automobile (A-161213), the wife of the driver and passenger in the automobile (A-161212), a rider in the automobile (A-161211), and the Insurance Company which has been subrogated to the driver's claim for damage to the automobile (A-161210).

Defendant, The OK Trucking Company, is an Ohio corporation, having an agent in Cincinnati, Hamilton County, Ohio; the co-defendant, Atomic Distributing Company, is a West Virginia corporation.

The actions were brought in Hamilton County where service of process was upon defendant, OK Trucking Company, by leaving copies of the summons at the corporation's usual place of business and in the hands of John R. Nordmeyer, Secretary of the corporation.

Summons was issued to the sheriff of Franklin County, Ohio, for service upon the Secretary of State, as agent for the defendant, Atomic Distributing Company (§2703.20 R. C.). A study of the papers of the four cases reveals that a copy of this summons was received by registered mail on November 2, 1957, by the Atomic Distributing Company through one Bill Elder.

Defendant, Atomic Distributing Company seeks to quash this service of summons on the ground that the Court has no jurisdiction over the defendant, there being improper venue.

Defendant's motion goes directly to the heart of the Court's jurisdiction; for if no jurisdiction in these in personam actions has attached, the Court is without authority to proceed. It is elementary that any judgments rendered by a court without the authority to hear and dispose of the case, and give proper relief, are absolutely void. The issue before the Court, therefore, is, does a motion to quash service of summons lie; that is, does this court have authority to hear and determine these causes as they pertain to defendant, Atomic Distributing Company.

The Court will first dispose of defendant's contention that the only proper venue in these cases against Atomic Distributing Company is in Adams County, the county where the collision occurred. The provisions of §2307.38 and §2307.39 R. C., have no force where a specific statute authorizes commencement of an action in a certain county under certain conditions.

As will be seen below, an action may be commenced against one defendant, and be effective to obtain jurisdiction over a co-defendant in another county if the action is rightly brought as to that first defendant.

Attention is also invited to §4515.01 R. C., which states that "actions for injury * * * caused by negligence * * * of * * * operator of a motor vehicle, **may be brought** * * * in the county in which such injury occurred." The word "may" is permissive and does not impose a mandatory obligation upon a plaintiff to bring his action in the county where the injury occurred. (Emphasis added.)

The Court feels that an analysis of the pertinent statutes reveals the standing of the motion to quash. It should be borne in mind that the words "venue" and "service" have different meaning; however, before jurisdiction of the court attaches both venue and service must be proper.

"Venue" is simply the geographic division where a cause shall be tried, the forum of trial; "service" means the serving of the summons on the defendant, and is either personal or constructive. These being in personam actions, personal service is required.

The first statute the Court will discuss is §2703.04 R. C., which is both a venue and a service statute. Sec. 2703.04 R. C., states that:

"When the action is **rightly brought** in any county, according to §§2307.32 to §2307.40, inclusive, **R. C.**, a summons **may be issued to any other county against one** or more of the **defendants** at the plaintiff's request * * *." (Emphasis added.)

From this statute it must therefore be determined whether the action was rightly brought according to §§2307.32-2307.40 R. C.

To obtain the answer to this question, we turn to those sections; more specifically, §2307.36 R. C., Venue in Actions Against Corporations:

"An action * * * against a corporation created under the laws of this state, may be brought in the county in which such corporation is situated; or has or had its principal office or place of business, or in which

such corporation has an office or agent, or in any county in which a summons may be served upon the president, chairman, or president of the board of directors or trustees or other chief officer * * *."

As indicated in the fifth paragraph of this Opinion, service of summons was served on the Secretary of the defendant corporation, OK Trucking Company, in Hamilton County. The Court concludes, therefore, that the action was **rightly brought** in Hamilton County by virtue of plaintiffs' compliance with the requirements of §2307.36 **R. C.**

Having once rightly brought this action, the plaintiffs, under §2703.04 **R. C.**, may cause to be issued summons to any other county against the co-defendant, Atomic Distributing Company. This, plaintiffs did in these cases. Summons was issued to the sheriff of Franklin County. The Atomic Distributing Company is not in Franklin County, but, by virtue of §2703.20 **R. C.**, it has an agent there for the service of process in such a case arising out of a collision involving a motor vehicle within this state. The pertinent statute is §2703.20 **R. C.**, "Service of process upon non-resident owners or operators of motor vehicles":

"Any nonresident of this state, being the operator or owner of any motor vehicle, who accepts the privilege extended by the laws of this state to nonresident operators and owners of operating a motor vehicle or of having the same operated, within this state, or any resident of this state, being the licensed operator or owner of any motor vehicle under the laws of this state, who subsequently becomes a nonresident or conceals his whereabouts, by such acceptance or licensure and by the operation of such motor vehicle within this state makes the secretary of state of the state of Ohio his agent for the service of process in any civil suit or proceeding instituted in the courts of this state against such operator or owner of such motor vehicle, arising out of, or by reason of, any accident or collision occurring within this state in which such motor vehicle is involved.

"Such process shall be served by the officer to whom the same is directed, or by the sheriff of Franklin County, who may be deputized for such purposes by the officer to whom the service is directed, upon the secretary of state by leaving at the office of the secretary of state, at least fifteen days before the return day of such process, a true and attested copy thereof, and by sending to the defendant by registered mail, postage prepaid, a like true and attested copy, with an indorsement thereon of the service upon said secretary of state, addressed to such defendant at his last known address. The registered mail return of such defendant shall be attached to and made a part of the return of service of such process."

The effect of §2703.20 **R. C.**, is that any nonresident who accepts the privileges of the state highways automatically appoints the Secretary of State his agent for the service of process in any civil action in this state arising out of a collision involving motor vehicles. Such statutes are now common throughout the states. While personal service in personam actions is required, the Supreme Court of the United States has held that this creation of an agency fiction is sufficient to support a valid in personam judgment and does not violate the constitutional requirement of due process of law.

The Supreme Court of the United States in Hess v. Pawloski, 274 U. S. 352, 47 S. Ct. 632, cited the character of the motor vehicle and the dangers attendant thereto. Hess' v. Pawloski was the first constitutional test of this type statute, and involved a Massachusetts statute similar to that of Ohio's. In upholding the validity of this statute, the Supreme Court of the United States did not disturb the doctrine of Pennoyer v. Neff, 95 U. S. 714, that notice sent outside the state to a non-resident is unavailing to give jurisdiction in an action against him personally for money recovery; however, the Court, considering the use of the automobile, had this to say:

"In the public interest the state may make and enforce regulations reasonably calculated to promote care on the part of all residents and nonresidents alike, who use its highways. The measure in question operates to require a nonresident to answer for his conduct in the state where arise causes of action alleged against him, as well as to provide for a claimant a convenient method by which he may sue to enforce his rights. * * * It makes no hostile discrimination against nonresidents, but tends to put them on the same footing as residents. * * * The state's power to regulate the use of its highways extends to their use by non-residents as well as by residents.

The validity of such statutes is now unquestioned. The Atomic Distributing Company is within the orbit of this statute, as a corporation is a nonresident under this statute. See 125 A. L. R. 451, citing Jones v. Pebler, 371 Ill. 309, 20 N. E. (2d) 592:

"2. The word 'nonresident' as used in a statute providing that the use and operation by a nonresident of a motor vehicle within the state shall be deemed an appointment by him of the secretary of state as his attorney to receive service of process is not limited to natural persons, but includes every nonresident, individual or corporate, owner or nonowner, using and operating a motor vehicle within the state."

A corporation, being an artificial entity, can act only through its agents.

The trend since the advent of the automobile has been to make nonresidents amenable to service of process within the state where the injury occurred. Defendant, Atomic Distributing Company, through its agents, used the Ohio highways and the Court believes that the legislature intended §2703.20 R. C., to cover this situation. It might be stated that in adopting §2703.20 R. C., the Ohio Legislature in effect said: "He who would use our highways, must abide by our conditions for the use of these highways."

The Court believes that it was the intent of the Legislature to include "corporations" in the term "nonresident." (37 O. Jur. 480.)

In summary, the Court concludes that:

1. The action against OK Trucking Company was rightly brought in Hamilton County. (Secs. 2703.04, 2307.36 R. C.)

2. Summons was properly issued to the sheriff of Franklin County for service on the co-defendant, Atomic Distributing Company, as Atomic Distributing Company had an agent in Franklin County for the purpose of service of summons. (Secs. 2703.04, 2703.20 R. C.)

472

3. The sheriff of Franklin County properly served the Secretary of State who is the agent for Atomic Distributing Company. (Sec. 2703.20 R. C.)

4. Service on the agent, coupled with forwarding of the summons by registered mail to the nonresident is valid personal service. (274 U. S. 352.)

5. A foreign corporation is within the scope of the term "nonresident" as used in §2703.20 R. C.

Defendant, Atomic Distributing Company's motion to quash is therefore overruled.

Please present your entry accordingly.