*Municipal Court of the City of Boston*

No. 264486

## SUFFOLK GROCERY COMPANY, INC.

v.

## EVANS PACKING COMPANY

Argued: Dec. 11, 1970 - Decided: Dec. 21, 1970

*Present:* Adlow, C. J., Morrissey, Canavan, J.J. Case tried to Lewiton, J.

**Adlow, C.J.** Action of contract to recover under an agreement to reimburse the plaintiff for advertising the defendant's product. The plaintiff is a Massachusetts corporation with a usual place of business in Boston. The defendant is a corporation organized under the laws of Florida. The only business transacted between the plaintiff and the defendant was effected by correspondence. This correspondence was commenced by the plaintiff corporation on May 22, 1967, when the president of the plaintiff corporation addressed a letter to the defendant to the following effect:

"May 22, 1967

Evans Packing Company
Dade City
Florida 33525
Gentlemen:
Our New York buying office writes to say that we may participate in an advertising effort mutually advantageous.
I have spoken to Mr. Marvin McNair of the Florida Citrus Commission who suggested that we write to you directly. It is

our understanding that if we meet all the requirements asked — that we will be rebated at approximately 13 cents per case of 12/32 oz Orange Concentrate less 4% of this amount.

Please advise by return mail so that we can proceed.

> Very truly yours,
> SUFFOLK GROCERY CO., INC.
> Sidney L. Kaye
> President

Following receipt of this letter, correspondence between the parties followed and the invitation to participate in the promotional campaign was accepted by the plaintiff.

In this action the plaintiff seeks to recover the advertising rebate claim under the earlier arrangement. It is conceded for the purposes of this report that the defendant had not, at any time either directly or indirectly, solicited business in this Commonwealth. If material the defendant has never had an office or mailing address in this commonwealth.

Service was made upon the defendant in conformity with G.L.c.223A, popularly referred to as the "long arm" statute. According to the return on the writ, service on the President of the defendant corporation was made in Pasco County, Florida on August 18, 1970.

The defendant filed an answer in abatement to the writ in this action, and after hearing, the

court ordered the writ abated. Being aggrieved by the order, the plaintiff brings this report.

Prior to the passage of St. 1968, c. 760 (Now G.L.c.223A, § 3) a variety of statutes conferred jurisdiction over certain non-resident defendants: G.L.c.90, § 3; c. 181, § 3, 3A; c. 175B, § 2; c. 223, § 1; c. 223, §37, 38; c. 227, § 1; c. 227, § 5. The powers conferred by these provisions of the General Laws were identifiable. All of these had weathered the storm of higher court adjudications. Some in particular had been approved by the United States Supreme Court. *Hess* v. *Pawloski,* 274 US 352. The jurisdiction conferred by these statutes was inextricably involved in situations concerning corporations or individuals doing business within the state; or foreign motorists who, while in the state, become involved in tort litigation; or in suits on insurance policies involving local risks issued by foreign insurance companies.

Notwithstanding the many privileges for reaching nonresidents provided by these acts, the power was rather limited prior to the passage of Mass. St. 1968, c. 760. By this act (Now G.L.c.223A, § 3) it was provided that:

"A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's

(a) transacting any business in this Commonwealth

(b) contracting to supply services or things in this Commonwealth."

Examination of the statute leaves us with a vague and undefinable feeling as to just how far the statute carries us. It completely emancipates us from the rigid requirement of *Pennoyer* v. *Neff*, 95 US 714; but can it be said that it confers jurisdiction over persons who have never done business in Massachusetts, and whose only contact with Massachusetts was by correspondence sent in reply to a communication directed to them in Florida. It is significant that in the cause under review an ideal opportunity is provided to test the limits within which the privileges conferred by G.L.c.223A, § 3 may be examined.

The retreat from *Pennoyer* v. *Neff*, 95 US 714, has not been an easy one. The situations in which the so-called "long arm" principles have been invoked have not invariably left the courts confronted with a situation analogous to that now under review. In *International Shoe Co.* v. *State of Washington*, 326 US 310, the United States Supreme Court pondered a problem involving the amenability to process of a corporation which actually had employees engaged in the state of Washington. The presence of these employees was deemed sufficient to meet the requirement that the defendant "have certain minimum contacts with it such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice". Keeping in mind the earlier rules regarding service, it is difficult to understand just

what is meant by "traditional notions of fair play and substantial justice". At least it is fair to assume that the presence of the employees of the International Shoe Co. in the state sufficed to confer a righteous tenor to the proceedings.

In *McGee* v. *International Life Insurance Company*, 355 US 220, an insurance company in Arizona, which maintained its contacts by correspondence with a policy holder in California, was held amenable to the "long arm" process in California.

In this Commonwealth, in a situation not unlike *McGee* v. *International Life Insurance Co.*, supra, the special "long arm" statute, applicable to insurance contracts, was held applicable to a situation where the company issuing the policy never did business in Massachusetts had no agents or representatives in the states, and never solicited the plaintiff, who was the assignee of the policy, to do business with it. *Wolfman* v. *Modern Life Insurance Co.*, 352 Mass. 356.

It would appear that the most liberal constructions of the "long arm" principle have appeared in cases involving insurance contracts. Granted that a "unique state interest in insurance contracts" condones the assertion of the right, is there a similar concern in the cause under review?

In the case of *Hanson* v. *Dencla*, 357 US 235, we begin to discover an effort by the court to

define the limits within which conduct accessible to the jurisdiction of the forum state is found. In this case, involving a trust settled by one who was domiciled in Florida at the time of her death, and whose estate was being probated in the Florida courts, the trustee was held beyond the reach of the "long arm" statute of Florida. In this case the United States Supreme Court emphasized that "it is a mistake to assume that this trend heralds the eventual demise of all restrictions on the personal jurisdiction of state courts." The court continued, "However minimal the burden of defending in a foreign tribunal, a defendant may not be called to do so unless he has had the "minimal contacts" with that state that are a prerequisite to its exercise of power over him." (page 251.)

We fail to discover these minimal contacts in the cause under review. Though the plaintiff had purchased certain citrus products from the defendant, the purchase had not been made in Massachusetts. The defendant had no office in Massachusetts and maintained no sales force there. The defendant did not solicit the arrangement concerning the rebate from the plaintiff. Actually the original request came from the plaintiff. Above all, the transaction involves the Forida Citrus Commission for whom the defendant was only an agent in handling the rebate. We have serious doubts that all these facts can qualify as "minimal contacts" sufficient to confer jurisdiction on the Massachusetts courts.

There was no error in abating the writ. Report dismissed.

GLADYS SHAPIRO
   of Boston for the Plaintiff
STEPHEN S. YOUNG
   of Boston for the Defendant

## REPORTER'S NOTE

The application of the "long arm" statutes seems to be different in contract actions than it is in tort actions. In contract actions, the minimal contacts evidently require actual presence within the state whose courts attempt to exercise jurisdiction over the person. *Harry Winston, Incorporated* v. *Waldfogel*, 292 F. Supp. 473 (Defendant in person negotiated in New York for purchase of a diamond ring. Long arm statute conferred jurisdiction over him). The absence of personal presence, such as maintaining an office or doing business by personal contact presumably is not sufficient to permit jurisdiction.

In tort actions, a seller who directly ships a dangerous instrumentality to a citizen of a foreign state where it causes injury submits himself to the jurisdiction of the courts of that state. *Foye* v. *Consolidated Baling Machine Co.*, —— Me. —— 229 A2d 196. A reproducer of seed who negligently reproduced and sold seed in Arizona to be planted in Oregon and caused plaintiff, an Oregon resident, to lose his anticipated profit from the crop he would have raised if the seed were properly reproduced could

recover in tort but not in contract and have personal jurisdiction of the Arizona seller under Oregon's "long arm" statute. *S.* v. *Campbell,* —— Ore. ——, 442 P2d 215. See also: *Dahlbert Co.* v. *Western Hearing Aid, Inc.,* 259 Minn. 330.

Service of process on a foreign corporation in a foreign state under the Massachusetts "long arm" statute (G.L.c.233A) must be made in the same manner as service on a domestic corporation in Massachusetts. But service on a nonresident in a foreign state may be made by registered mail. *Kagan* v. *United Vacuum Appliance Co.,* 357 Mass —— (1970 AS 999).