MOORE, Judge.
This is an appeal from an order of the trial court denying the defendants’ motion to quash service of process. In denying the motion to quash the trial court initially and directly passed upon the constitutionality of Section 48.193(l)(b), Florida Statutes (1977).
The plaintiff was injured in a swimming pool when the minor defendant dived into the pool and landed on the plaintiff’s back. The defendants are permanent residents of Canada. The sole basis of the defendants motion to quash service of process as to the *1190 minor defendant’s father was that Section 48.193(l)(b) is unconstitutional because it fails to satisfy the “minimum contacts” requirements of due process. In denying the motion the trial court specifically addressed this contention:
This provision of the Florida law is a reasonable extension of its jurisdiction over visitors to Florida and does not violate the due process clause of the United States Constitution. See Hess v. Pawloski, (1927) 274 U.S. 352, 356, 47 S.Ct. 632, 71 L.Ed. 1091, 1095; Smyth v. Twin State Improvement Corp., (1951) 116 Ut. [Vt.] 569, 575, 80 A.2d 664, 668; International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95.
We can find no Florida appellate decision passing upon the constitutionality of Section 48.193(l)(b) insofar as it is applicable to the commission of a single, isolated tortious act. We therefore find that this appeal should be transferred to the Florida Supreme Court. Fla.Const., Art. V, § 3(b)(3); Electro Engineering Products Co. v. Lewis, 352 So.2d 862 (Fla.1977).
Appeal transferred to the Supreme Court of Florida.
DAUKSCH and LETTS, JJ., concur.