Harriette TABAS, Lee Rappaport and Fran Rappaport, Beverlee Goldberg, Custodian for Jeffrey L. Goldberg, Morton B. Wapner, Isabel C. Heffler and Joseph H. Levit, Plaintiffs,

v.

James M. CROSBY, John F. Crosby, Jr., William M. Crosby, I. G. Davis, Jr., David F. Edwards, John C. Miller and Henry B. Murphy, Defendants,

and

Resorts International, Inc., Nominal Defendant.

Court of Chancery of Delaware, New Castle County.

Submitted Jan. 14, 1982.

Decided March 9, 1982.

William Prickett, and Vernon R. Proctor, Prickett, Jones, Elliott, Kristol & Schnee, Wilmington, Sherrie R. Savett, Berger & Montague, Stuart H. Savett, Kohn, Savett, Marion & Graf, Philadelphia, Pa., Daniel W. Krasner, and Jeffrey G. Smith, Wolf, Haldenstein, Adler, Freeman & Herz, New York City, Richard D. Greenfield, Greenfield & Chimicles, Bala Cynwyd, Pa., Arnold Levin, Levin & Fishbein, Fred Lowenschuss, Philadelphia, Pa., Arthur N. Abbey, New York City, Leonard Barrack, Barrack, Rodos & McMahon, and Bernard M. Gross, Gross & Sklar, Philadelphia, Pa., for plaintiffs.

Arthur G. Connolly, Jr., James S. Green, Andrew G. T. Moore, II, and Henry E. Gallagher, Jr., Connolly, Bove & Lodge, Wilmington, for individual defendants.

Michael D. Goldman and Donald J. Wolfe, Jr., Potter, Anderson & Corroon, Wilmington, for nominal defendant.

HARNETT, Vice Chancellor.

In this stockholder derivative action, service of process on the individual defendants was accomplished by reliance on the provisions of 10 *Del.C.* § 3114, the corporate director's implied consent to service of process statute. The plaintiffs then filed a motion to substitute the personal representative of a deceased defendant as a party and subsequently a motion to dismiss was filed on behalf of the decedent.

The issue presented is whether the decedent, a non-resident director of a Delaware corporation, who died before this suit was filed, or his estate, may be made a party to this suit by substituted service of process. I hold that the method used for substituted service of process does not permit service of process on a non-resident director of a Delaware corporation who dies before suit is commenced.

I

John C. Miller, who died before this action was filed, was a director of defendant-Resorts International, Inc. ("Resorts"). Plaintiffs contend that service of process was obtained over Mr. Miller, even though he was deceased when the action was commenced, by use of 10 *Del.C.* § 3114 (the corporate director's implied consent to service of process statute) and that it should now be maintained against the personal representative of Mr. Miller by use of 10 *Del.C.* § 3701 (the survival of causes of action after death statute) or Chancery Court Rule 25(a)(1) (substitution of a party after death).

II

10 *Del.C.* § 3114 provides:

"§ 3114. *Service of Process on non-resident Directors, Trustees or members of the governing body of Delaware corporations*

(a) Every non-resident of this State who after September 1, 1977 accepts election or appointment as a director, trustee or member of the governing body of a corporation organized under the laws of this State or who after June 30, 1978 serves in such capacity and every resident of this State who so accepts election or appointment or serves in such capacity and thereafter removes his residence from this State shall, by such acceptance or by such service, be deemed thereby to have consented to the appointment of the registered agent of such corporation (or, if there is none, the Secretary of State) as his agent upon whom service of process may be made in all civil actions or pro-

ceedings brought in this State, by or on behalf of, or against such corporation, in which such director, trustee or member is a necessary or proper party, or in any action or proceeding against such director, trustee or member for violation of his duty in such capacity, *whether or not he continues to serve as such director, trustee or member at the time suit is commenced.* Such acceptance or service as such director, trustee or member shall be a signification of the consent of such director, trustee or member that any process when so served shall be of the same legal force and validity as if served upon such director, trustee or member within this State and such appointment of the registered agent (or, if there is none, the Secretary of State) shall be irrevocable.

(b) Service of process shall be effected by serving the registered agent (or, if there is none, the Secretary of State) with one copy of such process in the manner provided by law for service of writs of summons. In addition, the Prothonotary or the Register in Chancery of the Court in which the civil action or proceeding is pending shall, within seven (7) days of such service, deposit in the United States mails, by registered mail, postage prepaid, true and attested copies of the process, together with a statement that service is being made pursuant to this Section, addressed to such director, trustee or member at the corporation's principal place of business and at his residence address as the same appears on the records of the Secretary of State, or, if no such residence address appears, at his address last known to the party desiring to make such service.

(c) In any action in which any such director, trustee or member has been served with process as hereinabove provided, the time in which a defendant shall be required to appear and file a responsive pleading shall be computed from the date of mailing by the Prothonotary or the Register in Chancery as provided in Subsection (b); however, the court in which such action has been commenced may order such continuance or continuances as may be necessary to afford such director, trustee or member reasonable opportunity to defend the action.

(d) Nothing herein contained limits or affects the right to serve process in any other manner now or hereafter provided by law. This Section is an extension of and not a limitation upon the right otherwise existing of service of legal process upon non-residents.

(e) The Court of Chancery and the Superior Court may make all necessary rules respecting the form of process, the manner of issuance and return thereof and such other rules which may be necessary to implement the provisions of this Section and are not inconsistent with this Section." (emphasis added)

Plaintiffs contend that the words in § 3114(a) which state: "... whether or not he continues to serve as such director, trustee or member at the time suit is commenced" contemplate that the statute shall apply no matter the reason a director may cease to serve—even including death—and that consequently the statute may be used to obtain service of process on a decedent. Plaintiffs argue that such a construction of the statute would effectuate the primary legislative purpose behind the enactment which was to provide a forum in which shareholders can challenge the actions of corporate management of a Delaware corporation. *Armstrong v. Pomerance*, Del. Supr., 423 A.2d 174, 178 (1980). Plaintiffs' argument fails, however, because 10 *Del.C.* § 3114 does not provide any method for the giving of notice to the personal representative of a deceased director.

## III

In order for a substituted service of process statute to be valid, it must provide a method for the giving of reasonable notice of the suit to the defendant. 62 Am. Jur.2d, *Process* § 67 (1972). *Milliken v. Meyer*, 311 U.S. 457, 61 S.Ct. 339, 85 L.Ed. 278 (1940).

10 *Del.C.* § 3114 provides for the mailing of a copy of the process to the defendant but that type of notice is meaningless to a decedent. When the Delaware General Assembly enacted 10 *Del.C.* § 3114 it chose—perhaps for a very good reason—to omit any provision for the giving of notice to a decedent's personal representative, and I cannot fill that void. *Beck v. Lund's Fisheries, Inc.*, Del.Supr., 164 A.2d 583 (1960). That case involved a construction of 10 *Del.C.* § 3112 (a motor vehicle operator's implied consent to service of process statute) prior to an amendment in 1964 and held that the statute—as originally worded—did not permit substituted service of process upon the personal representative of a non-resident operator of a motor vehicle. The Delaware Supreme Court succinctly stated at 586:

> "Furthermore, we point out that the important part of § 3112 is the provision for the giving of notice of the pendency of an action to the non-resident. The sub-sections (b) and (c) spell out in detail the manner in which this notice shall be given. It is obvious that the statutory scheme contemplates that the non-resident will be alive to receive the notice. There is no means provided for the proof of the appointment of the foreign personal representative or for insuring the receipt of notice by him, and for subsequent proof of its receipt.

> There is a complete void in the statute of any scheme to prove the appointment of a foreign personal representative, and for insuring the receipt by him of notice of the pendency of the action. This void must necessarily mean that the statute when first enacted did not intend to provide for substituted service on a personal representative appointed by the foreign state. The reason for the void may have been lack of foresight on the part of the drafters of the statute, but, on the other hand, it may have been deliberate. Whatever the reason, the void exists.

> Furthermore, if, under the guise of construction, we were to fill the void, a question might well arise as to whether the statute as reconstructed would satisfy the requirements of Federal due process for the reason that due process requires, not the giving of gratuitous notice, but the giving of notice in a manner prescribed by the terms of the statute, itself. *Hess v. Pawloski*, 274 U.S. 352, 47 S.Ct. 632, 71 L.Ed. 1091, and *Wuchter v. Pizzutti* [276 U.S. 13, 48 S.Ct. 259, 72 L.Ed. 446] supra."

In 72 C.J.S., *Process* § 43 (1951) it is stated:

> "It is within the power of the legislature to provide for substituted service in cases of necessity or if personal service is for any reason impracticable. This method of service is purely statutory and in derogation of the common law; it is a method extraordinary in character, and hence may be used only as prescribed and in the circumstances authorized by statute. In order for such service to be effective plaintiff must bring himself and his cause of action clearly within provisions authorizing it; and the statutory requirements must be followed and under the controlling decisions, must be followed strictly, faithfully, fully, literally, or at least substantially. Any substitute service other than that authorized by the statute is ineffective." (citations omitted)

62 Am.Jur.2d, *Process* § 68 (1972) is in accord and adds that "[j]urisdiction is not to be assumed and exercised on the general ground that the subject matter of the suit is within the powers of the court." citing *Galpin v. Page*, 85 U.S. (18 Wall) 350, 21 L.Ed. 959 (1874).

It was held in *Bond v. Golden*, 10th Cir., 273 F.2d 265 (1959):

> "But regardless of whether a statute is liberally or strictly construed, substantial compliance with its requirements is essential before the benefits of the statute become available. *Nor is it any answer to the fact of non-compliance with statutory requisites to assert that the general purposes of the statute have been met by means extraneous to the particulars of the statute.*" (emphasis added)

Nor is Chancery Rule 4(dc) entitled "Service Pursuant to 10 *Del.C.* § 3114" any help

to the plaintiffs because it also does not contain a method for effecting substituted service upon, or giving notice to, a personal representative of a decedent.

█ Because 10 *Del.C.* § 3114 does not contain any provision for substituted service of process upon, or the giving of notice to, the personal representative of a deceased director, I find that the General Assembly did not intend it to apply to non-resident directors who die before suit is commenced or service of process is commenced.

### IV

The enactment of 10 *Del.C.* § 3114 was a direct result of the U. S. Supreme Court's suggestion that if Delaware had a viable interest in securing jurisdiction over its corporate fiduciaries, it could protect that interest by enacting a non-resident director's implied consent statute as its means. *Shaffer v. Heitner*, 433 U.S. 186, 214–15, 97 S.Ct. 2569, 2584–85, 53 L.Ed.2d 683 (1976). 10 *Del.C.* § 3114 was patterned after and is similar to other state statutes in Connecticut (Conn.Gen.Sta. § 33–322); North Carolina (N.C.Gen.Sta. § 55–33); South Carolina (S.C.Code § 10–432.1); and Michigan (Mich.Stat.Ann. § 27A.705 [M.C.L.A. § 600.705]). All of these statutes make non-resident directors of corporations, incorporated in the respective jurisdictions, subject to suit but none of them contain a provision for substituted service of process upon the personal representative of a deceased director, nor is there any reported case holding that a director's implied consent statute can be used to obtain service of process over a non-resident director of a domestic corporation who dies before a suit is commenced.

### V

Additionally, plaintiffs rely on 10 *Del.C.* § 3104(d) (the general tort feasor long-arm service of process statute) which states:

"(d) Service of the legal process provided for in *this section* with the fee of $2 shall be made upon the Secretary of State of this State in the same manner as is provided by law for service of writs of summons, and when so made shall be as effectual to all intents and purposes as if made personally upon the defendant within this State; provided, that not later than 7 days following the filing of the return of service of process in the court in which the civil action is commenced or following the filing with the court of the proof of the nonreceipt of notice provided for in subsection (g) of this section, *the plaintiff or a person acting in his behalf shall send by registered mail to the nonresident defendant, or to his executor or administrator,* a notice consisting of a copy of the process and complaint served upon the Secretary of State and the statement that service of the original of such process has been made upon the Secretary of State of this State, and that under this section such service is as effectual to all intents and purposes as if it had been made upon such nonresident personally within this State. (emphasis added)

Because 10 *Del.C.* § 3104(d) specifically provides a method of service of process on a personal representative of a deceased nonresident tort feasor, plaintiffs argue that it should be grafted onto 10 *Del.C.* § 3114 to supply the void existing in that statute. Plaintiffs urge that these two statutes, if read together, "would reflect the legislative policy that service of process may be effected upon a personal representative of a deceased nonresident director when the director has been named a defendant in an action for breach of fiduciary duty for fraud, or for some related business tort."

However ingenious such an argument may be, the two distinct statutes cannot be so easily combined and the argument fails. 10 *Del.C.* § 3104(d) specifically states that its provisions apply "in this section"—that is section 3104.

Additionally 10 *Del.C.* § 3104 is what is known as a single-act statute—the purpose of which is to establish jurisdiction over a non-resident defendant on the basis of a single act performed by such non-resident defendant in Delaware. *Eudaily v. Har-*

*mon*, Del.Supr., 420 A.2d 1175 (1980). Therefore until a transaction is engaged in by the non-resident, there exists no basis for the acquisition of jurisdiction over him pursuant to 10 *Del.C.* § 3104. Conversely, 10 *Del.C.* § 3114 is an implied consent statute whereby a director, by accepting election or appointment as a director of a Delaware corporation, is deemed to have consented to personal jurisdiction being obtained over him in suits which relate to his acts as a director. *Armstrong v. Pomerance*, supra.

■ Because the two statutes are dissimilar, serve a different function and purpose, and were adopted at different times, they cannot be *in pari materia*. See 2A Sutherland, *Statutory Construction* § 5103 (Sands 4th Ed. 1973). 10 *Del.C.* § 3104 (the tort feasor long-arm statute) was completely revised and reenacted in its present form on July 11, 1978. 61 *Del.L.*, Ch. 471. 10 *Del.C.* § 3114 (the director's consent statute) was enacted earlier on July 7, 1977. 61 *Del.L.*, Ch. 119. The later enacted statute does not refer to the earlier one and therefore cannot be used to fill a void in the earlier statute. See 2A Sutherland, *Statutory Construction* § 51.07 (Sands 4th Ed. 1973). 10 *Del.C.* § 3104 therefore cannot be joined with 10 *Del.C.* § 3114 to fill an omission in section 3114.

■ Even if, arguendo, 10 *Del.C.* § 3104 could have been used by plaintiffs to effect substituted service of process on defendant Miller, in the present case service of process was attempted pursuant to 10 *Del.C.* § 3114—not by the use of 10 *Del.C.* § 3104.

In 72 C.J.S. 1, *Process* § 43 (1951) it is stated:

"[w]here alternative methods (for service of process) are provided for, plaintiff may not arbitrarily select any one of the alternatives regardless of the facts or regardless of his knowledge that the selected method will prove ineffectual to give defendant notice whereas one of the other permitted alternatives would give notice." Citing *People v. One 1941 Chrysler Sedan*, Cal.App., 183 P.2d 368 (1947).

Because plaintiffs relied on 10 *Del.C.* § 3114 in attempting service of process, they cannot now seek to rely upon a different statute.

### VI

■ Plaintiffs' reliance on 10 *Del.C.* § 3707 and Court of Chancery Rule 25(a)(1) is also misplaced. 10 *Del.C.* § 3707 states:

"§ 3707. *Statutory right of action.*

A statutory right of action or remedy against any officer or person, in favor of any person, shall survive to, or against the executor or administrator of such officer or person, unless it be specially restricted in the statute."

This statute merely provides that a cause of action shall not abate because of death—it has nothing to do with substituted service of process.

Rule 25(a)(1) states:

"(a) *Death.*

(1) If a party dies and the claim is not thereby extinguished, the Court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of process, and may be served in any county. Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of death as provided herein for the service of a motion, the action shall be dismissed as to the deceased party."

■ This rule permits the substitution of a party where a party has already been served and dies. It does not form the basis for substituted service of process upon a nonresident defendant who is deceased before the suit is even commenced. Wright & Miller, *Federal Practice and Procedure*, Civil § 1951.

The motion of plaintiffs to substitute the personal representative of defendant-John

C. Miller as a party defendant in this action is therefore denied. The motion of defendant-John C. Miller to dismiss this action as to that defendant is granted. IT IS SO ORDERED.