**Pete W. ZERR and Mildred I. Zerr, Plaintiffs,**

v.

**Clement O. NORWOOD, Defendant.**

**Civ. A. No. 9517.**

United States District Court
D. Colorado.

Jan. 14, 1966.

————◇————

Edward B. Towey, Denver, Colo., for plaintiffs.

Walter A. Steele, Denver, Colo., for defendant.

ARRAJ, Chief Judge.

■ This matter is before the Court on motion of the defendant to quash service of process. The defendant contends that H.B. 1255, Colo.Sess.Laws ch. 119 (1965), the new "long arm" statute, is unconstitutional insofar as it permits the assertion of in personam jurisdiction over non-residents who commit a tortious act within the State of Colorado. With this contention, we are unable to agree.

■ H.B. 1255 was patterned after the Illinois statute, Ill.Rev.Stat., c. 110, § 17 (1957), the constitutionality of which was upheld in Nelson v. Miller, 11 Ill.2d 378, 143 N.E.2d 673 (1957). The Court, in concluding that the minimum contact test of International Shoe Co. v. State of Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 99 L.Ed 95, was met, stated

> "The essential question in cases of this type is where the action is to be tried. Once it has been determined that the relationship of the defendant to the State is sufficient to warrant trial here, we are of the opinion that the court has jurisdiction to determine the merits of the controversy * * *. An act or omission within the State * * * is a sufficient basis for the exercise of jurisdiction to determine whether or not the act or omission gives rise to liability in tort." Id. 11 Ill.2d at 391–94, 143 N.E.2d at 680.

It is patently clear that a non-resident motorist who is involved in an automobile accident in a particular state, as is the situation presented by the case at bar, has established a sufficient contact with that state to warrant its courts in asserting in personam jurisdiction over him to determine the merits of any controversy that may happen to arise out of that accident. Hess v. Pawloski, 274 U.S. 352, 47 S.Ct. 632, 71 L.Ed. 1091 (1927).

Furthermore, numerous other courts, faced with similar statutes, have found them to be in conformity with the dictates of due process of law. See Moore's Federal Practice, ¶4.41–1[3] and cases cited therein. Indeed, this Court in Smith v. Putnam, 250 F.Supp. 1017, and Arter v. X-Acto Co. et al., Civ.Act. No. 8976 has determined that H.B. 1255 meets the test of International Shoe, i. e., that the activity of the defendant, " * * * establish sufficient contacts or ties with the state of the forum to make it reasonable and just according to our traditional

conception of fair play and substantial justice to permit the state to enforce the obligation which appellant has incurred there." 326 U.S. at 320, 66 S.Ct. at 160. Accordingly, it is

Ordered that the motion of the defendant to quash service of process must be, and hereby is, denied.