Beatrice QUIROZ, Appellant,

v.

Stephen E. McNAMARA, Appellee.

No. 1268.

Court of Civil Appeals of Texas, Tyler.

July 19, 1979.

Barry K. Bishop, L. Parker McNeill, Clark, Thomas, Winters & Shapiro, Austin, for appellant.

Joseph P. Webber, Long, Evatt & Webber, Austin, for appellee.

McKAY, Justice.

This is an appeal from an order sustaining appellee's plea to the jurisdiction. Appellant sued appellee, a nonresident of this state, attempting to gain personal jurisdiction over appellee pursuant to Article 2031b, Section 3.[1] Appellant alleged that she was driving her car on May 2, 1976, in Austin, Travis County, Texas, and was involved in a collision with a motorcycle driven by appellee, a resident of the State of Minnesota. Appellant further alleged that the accident was caused by appellee's negligence and that appellant's damages exceeded the minimum jurisdictional limits of the district court. Appellee made a special appearance pursuant to Rule 120a, T.R.C.P., objecting to the jurisdiction of the court over him and alleging that he did not have those minimum contacts with this state that would constitutionally support jurisdiction over his person in this cause, and assumption of jurisdiction by a court of this state would offend traditional notions of fair play and substantial justice. Appellee further

---

1. All statutory references are to the Texas Revised Civil Statutes Annotated.

alleged that jurisdiction over the subject matter of this suit had been acquired by the State of Minnesota prior to the filing of this action by virtue of a suit filed by appellee against appellant and her insurer, Allstate Insurance Company, in a district court of that state. According to appellee, appellant agreed to the jurisdiction of the Minnesota court and, by this suit, is attempting to renege on that agreement.

The parties stipulated in the court below that (1) appellee was a resident of Minnesota, (2) the automobile collision which formed the basis of this suit occurred in Austin, Travis County, Texas, and (3) there was pending in Minnesota a suit against Allstate Insurance Company (the named defendant therein is Ms. Quiroz), litigating the automobile-motorcycle collision between appellant and appellee which is the subject of this suit. Following a hearing on appellee's plea to the jurisdiction, the court below held that said plea should be sustained and dismissed appellant's cause for want of jurisdiction of appellee's person.

Appellant's single point of error complains of the trial court's action in sustaining appellee's plea to the jurisdiction because the undisputed evidence showed, as a matter of law, that the court had in personam jurisdiction of appellee. Appellant argues that the undisputed evidence presented at the hearing on appellee's plea demonstrated that the accident occurred in Travis County, Texas, that appellant had alleged a cause of action in tort against appellee, and that there was no evidence presented at the hearing suggesting that the cause of action did not lie in tort or that the accident took place outside Texas or that service of process upon appellee was in any way defective. It is appellant's basic contention that there are no constitutional infirmities in a Texas court asserting jurisdiction over a nonresident motorist where the accident occurred in this state.

Although appellant alleged in her petition that appellee could be served (and it appears that he was in fact served) pursuant to Article 2031b, which provides for service of process upon nonresidents deemed to be doing business in Texas by the commission of a tort within this state, rather than pursuant to Article 2039a, which provides specifically for service of process upon nonresident motorists, appellant urges that the use of the "long-arm" statute instead of the "nonresident motorist" statute makes no difference in a determination of whether a Texas court has personal jurisdiction over a nonresident involved in a motor vehicle accident in Texas.

It is appellee's contention in his first counterpoint that he alleged in the trial court two independent grounds to deny the trial court's jurisdiction, viz.: first, that the appellee's person was not amenable to process in Texas, and second, that jurisdiction had already been established, by agreement of the parties, in Minnesota; appellee argues that appellant has failed to assert by point of error or argument that the trial court erred in sustaining his plea to the jurisdiction pursuant to his second alleged ground, and appellant has, therefore, waived any complaint as to that ground. Appellee urges that the real party in interest is Allstate, that Allstate agreed to jurisdiction in Minnesota in exchange for a limit to its liability, and that now Allstate has filed this lawsuit in Texas by which it seeks to defeat the jurisdiction it agreed to in Minnesota. Further, appellee states that Allstate filed this suit knowing that its claim did not reach the minimum jurisdictional amount in that Allstate pled that damages exceeded the jurisdictional limits of the district court, i. e., $500.00, but Ms. Quiroz testified that her total damages did not exceed $445.00.

In his second counterpoint, appellee states that the trial court correctly held that it did not have jurisdiction to entertain this lawsuit. He relies upon the case of *O'Brien v. Lanpar Co.*, 399 S.W.2d 340 (Tex. 1966). There the court quoted with approval the Supreme Court of Washington in *Tyee Construction Co. v. Dulien Steel Products, Inc.*, 62 Wash.2d 106, 381 P.2d 245, 251 (1963), and established three basic factors which should coincide if jurisdiction over a nonresident is to be entertained in conformance with the dictates of due process:

" 'Such would appear to be: (1) The nonresident defendant or foreign corporation must purposefully do some act or consummate some transaction in the forum state; (2) the cause of action must arise from, or be connected with, such act or transaction; and (3) the assumption of jurisdiction by the forum state must not offend traditional notions of fair play and substantial justice, consideration being given to the quality, nature, and extent of the activity in the forum state, the relative convenience of the parties, the benefits and protection of the laws of the forum state afforded the respective parties, and the basic equities of the situation.' " *O'Brien*, supra 399 S.W.2d at 342.

It is appellee's contention that when the considerations listed in the third factor are made in this case, the trial court correctly held that it did not have jurisdiction, in that Allstate offended traditional notions of fair play and substantial justice by bringing this suit without the knowledge or consent of the named plaintiff, when Allstate agreed in writing to jurisdiction in Minnesota and then attempted to renege on that agreement, and when Allstate alleged damages in excess of minimum jurisdictional limits when it knew that the total damages did not exceed such limits; in that appellee suffered grievous physical injuries while appellant suffered none, and appellee cannot conveniently come to Texas to pursue his claim or defend this suit while Allstate can readily defend itself against appellee's claim in the Minnesota action; and in that the basic equities of the situation show that Allstate filed a "spurious, unauthorized, bad-faith lawsuit in a brazen attempt to renege on its agreement to jurisdiction in Minnesota."

The burden of proof and persuasion is on the nonresident contesting the court's jurisdiction. *Hoppenfeld v. Crook*, 498 S.W.2d 52, 55 (Tex.Civ.App.-Austin 1973, writ ref'd n. r. e.) In our view, the basic inquiry to be made in this case is whether appellant, by utilizing Article 2031b rather than Article 2039a, has failed to secure the jurisdiction she seeks to maintain over appellant. It is our opinion that she has not so failed.

Pertinent provisions of Article 2039a are as follows:

"Section 1. The acceptance by a nonresident of this State . . . of the rights, privileges and benefits extended by law to such persons of operating a motor vehicle or a motorcycle . . . within the State of Texas shall be deemed equivalent to an appointment by such nonresident . . . of the Chairman of the State Highway Commission of this State, or his successor in office, to be his true and lawful attorney and agent upon whom may be served all lawful process in any civil action or proceeding now pending or hereafter instituted against said nonresident . . . growing out of any accident, or collision in which said nonresident . . . may be involved while operating a motor vehicle or motorcycle within this State . . . and said acceptance or operation shall be a signification of the agreement of said nonresident . . . that any such process against him . . . served upon said Chairman of the State Highway Commission or his successor in office, shall be of the same legal force and validity as if served personally."

Appellant could have effectively secured jurisdiction over the person of appellee had she done so pursuant to Article 2039a. *Hess v. Pawloski*, 274 U.S. 352, 356–7, 47 S.Ct. 632, 71 L.Ed. 1091 (1927). Undoubtedly, it would have been the better practice for appellant to have utilized that statute.

We now quote the provisions of Article 2031b which we feel are pertinent to our inquiry:

"Sec. 3. Any . . . non-resident natural person that engages in business in this State, irrespective of any Statute or law respecting designation or maintenance of resident agents, and does not maintain . . . a designated agent upon whom service may be made upon causes of action arising out of such business done in this State, the act or acts of

engaging in such business within this State shall be deemed equivalent to an appointment by such . . . non-resident natural person of the Secretary of State of Texas as agent upon whom service of process may be made in any action, suit or proceedings arising out of such business done in this State, wherein such . . . non-resident natural person is a party . . . .

"Sec. 4. For the purpose of this Act, and without including other acts that may constitute doing business, any . . non-resident natural person shall be deemed doing business in this State by . . . the committing of any tort in whole or in part in this State.

.        .        .        .        .

"Sec. 7. Nothing herein contained shall be construed as repealing any statute in force in this State in reference to service of process, but this Act shall be cumulative of all existing statutes."

Following the United States Supreme Court decision in *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), there ensued an era which presented vastly expanded potential to the states for constitutionally obtaining in personam jurisdiction over nonresident defendants. Texas, in 1959, passed Article 2031b, thereby joining several other states in expanding the possibility of suit in Texas by a resident of this state against a nonresident defendant. Prior to 1959, Texas had a nonresident motorist statute (Article 2039a, originally enacted in 1929), and several in personam jurisdiction statutes applying to nonresidents in specific circumstances, but did not have a general "long-arm" jurisdictional statute. Article 2031b did not supersede the earlier jurisdictional statutes, but rather was cumulative of them. Thode, "In Personam Jurisdiction [etc.]," 42 Texas Law Review 279, 303–5 (1964).

■ By the very terms of Article 2031b, in Section 7, it is made "cumulative of all existing statutes," including Article 2039a. The reach of Article 2031b is limited only by the United States Constitution. *Hoppenfeld v. Crook*, supra 498 S.W.2d at p. 56.

Article 2031b provides for obtaining jurisdiction over *any* nonresident defendant who is "doing business" in Texas, the latter term expressly including the "committing of any tort in whole or in part in this State," and thus is a statute of very broad application. Article 2039a, on the other hand, is expressly limited to jurisdiction over nonresidents involved in accidents and collisions occurring on the public highways and streets of Texas, and requires nonresident motor vehicle owners to submit to the jurisdiction of the state courts for such cause of action alone. *Jacobsen v. Brown*, 105 S.W.2d 1108, 1111 (Tex.Civ.App.-Dallas 1937, writ dism'd). Appellant here has merely chosen the more general statute under which to secure jurisdiction, rather than the more specific one.

As noted, the parties have stipulated that appellee is a nonresident of this state and that the accident with which we are concerned occurred in this state. Appellant has alleged that the accident occurred as a result of the negligence (i. e., a tort) of appellee. Appellee has pointed out no defect in the service of process upon the Secretary of State, nor do we find any.

■ We quote from *Zerr v. Norwood*, 250 F.Supp. 1021 (D.Colo.1966):

"It is patently clear that a non-resident motorist who is involved in an automobile accident in a particular state, as is the situation presented by the case at bar, has established a sufficient contact with that state to warrant its courts in asserting in personam jurisdiction over him to determine the merits of any controversy that may happen to arise out of that accident. *Hess v. Pawloski*, [supra]."

The three-part test of *O'Brien v. Lanpar Co.*, supra, is applicable only where there is a question as to the existence or extent of the required minimum contacts between the nonresident defendant and the forum state. Thus, it has no application to a situation such as that presented in the instant case. See also *Arterbury v. American Bank & Trust Co.*, 553 S.W.2d 943, 948 (Tex.Civ. App.-Texarkana 1977, no writ), wherein it is said:

"Under the 'commission of a tort' provisions of a long arm statute, the jurisdictional requirements are met when the defendant, personally or through an agent, is the author of an act or omission within the forum state, and the petition states a cause of action in tort arising from such conduct. The act or omission within the state is a sufficient basis for the exercise of jurisdiction *to determine whether or not the act or omission gives rise to liability in tort.* [Citations omitted.] As ultimate liability in tort is not a jurisdictional fact, [citations omitted] the merits of the alleged cause of action are not at issue in the jurisdictional hearing. [Citing Thode, supra.]" [Emphasis in original.]

Even if we be in error, however, in determining that the O'Brien test does not come into play in a case where the nonresident defendant has operated a motor vehicle in this state, has had an accident while so doing, and has been sued for damages resulting from his alleged negligence in so doing, we are of the further opinion that an application of said test does not result in a decision favoring appellee. There is no question that the first two parts of the test have been satisfied. The question with regard to whether "traditional notions of fair play and substantial justice" have been offended, is concerned with the "minimum contacts" of the defendant with the forum state. *International Shoe Co. v. Washington,* supra. In the instant case, such test was satisfied by appellee's presence in this state and his use of the public highways of this state, thereby taking advantage of all the rights and privileges of such use and subjecting himself to the responsibilities inherent in such use. This is not a case where the extent of the defendant's activity in the forum state is questionable as comprising the constitutionally required "minimum contacts." *Zerr v. Norwood,* supra. There is no contention by appellee that he would not receive adequate "benefits and protection" from the laws of this state.

Finally, we are not persuaded that the "basic equities of the situation" favor appellee. We do not consider it material that this suit may have been filed at the behest of Allstate without the knowledge or consent of Ms. Quiroz. This suit was filed apparently pursuant to a subrogation agreement between Ms. Quiroz and Allstate.

▄▄▄ Concerning the allegations by appellee of an agreement by Allstate to jurisdiction in Minnesota, we do not consider such agreement, even if made, to be determinative of the issue before us. Jurisdiction is a matter of law, not of agreement. *Nevitt v. Wilson,* 116 Tex. 29, 285 S.W. 1079, 1084 (Tex.1926). We quote from 21 C.J.S. Courts Section 548 at p. 855:

"The pendency of an action in the courts of one state or country is not a bar to the institution of another action between the same parties and for the same cause of action in a court of another state or country, nor is it the duty of the court in which the latter action is brought to stay the same pending a determination of the earlier action, even though the court in which the earlier action is brought has jurisdiction sufficient to dispose of the entire controversy. Nevertheless, sometimes stated as a matter of comity, not of right, it is usual for the court in which the later action is brought to stay proceedings under such circumstances until the earlier action is determined . . ." [Footnotes omitted.]

Thus it can be seen that the pendency of the action in Minnesota, even if Allstate or Ms. Quiroz submitted to jurisdiction there, does not preclude the assumption of jurisdiction by the courts of this state. *Ex parte Jabara,* 556 S.W.2d 592, 596 (Tex.Civ.App.-Dallas 1977, no writ); *Nowell v. Nowell,* 408 S.W.2d 550, 553 (Tex.Civ.App.-Dallas 1966, writ dism'd), cert. denied, 389 U.S. 847, 88 S.Ct. 53, 19 L.Ed.2d 116 (1967). Inasmuch as an application for a stay of proceedings is directed to the discretion of the court, that is a question to be determined on remand. *Evans v. Evans,* 186 S.W.2d 277, 279 (Tex.Civ.App.-San Antonio 1945, no writ); *Mills v. Howard,* 228 S.W.2d 906, 908-9 (Tex.Civ.App.-Amarillo 1950, no writ); *Nowell v. Nowell,* supra.

With regard to appellee's contention that appellant has not met the minimum jurisdictional limits of the court below, it is evident from the testimony taken at the hearing on the plea to the jurisdiction that damages in excess of the minimum jurisdictional limits were proved. Ms. Quiroz testified that her automobile was damaged and that the cost of repairs was approximately $445. In addition, she testified as to damages for loss of use in an amount of approximately $100. Appellee's second counterpoint is without merit.

We do not agree with appellee's contention in his first counterpoint that appellant failed to assert by point of error or argument that the trial court erred in sustaining appellee's second ground for his plea to the jurisdiction, i. e., that jurisdiction had already been established in Minnesota, and that appellant had thereby waived any complaint against appellee. Appellant has brought before this court a general point of error complaining of error by the trial court "in sustaining appellee's plea to the jurisdiction because the undisputed evidence showed, as a matter of law, that the court has in personam jurisdiction of appellee." We consider this point of error to be broad enough to put in issue before this court both grounds stated by appellee in his plea to the jurisdiction. Rule 418, T.R.C.P.

Accordingly, we are of the opinion the court below had jurisdiction of the subject matter and both parties, and thus improperly sustained appellee's plea to the jurisdiction. Appellant's point of error is sustained.

The judgment of the trial court is reversed, and the cause is remanded to that court for further proceedings.