**Mary SCHAEFFER, Appellant,**

v.

**Edward Z. MOODY and Eastern Refrigeration and Mechanical, Inc., Appellees.**

**No. 04–85–00091–CV.**

Court of Appeals of Texas, San Antonio.

Feb. 5, 1986.

Rehearing Denied March 4, 1986.

Tuck R. Chapin, San Antonio, for appellant.

Byrd L. Bonner, San Antonio, for appellees.

Before ESQUIVEL, CANTU and DIAL, JJ.

OPINION

CANTU, Justice.

This is an appeal complaining of the trial court's order sustaining pleas to the jurisdiction in a Special Appearance of the appellees, Edward Z. Moody, and Eastern Refrigeration and Mechanical, Inc., two of the four defendants below, and in dismissing appellant's cause of action against these same defendants.

Mary Schaeffer, plaintiff below and appellant herein, was injured on May 18, 1982, when a van owned and driven by defendant Donald Ray Carpenter was involved in a collision near Red Oak, Texas. Appellant was a passenger in the van, and was severely injured in the accident. Carpenter was returning to his home in Dallas, from a job in San Antonio at the time of the accident. The testimony presented at the hearing on the special appearance indicated that Carpenter was an employee of Gulf Mechanical, Inc. (Gulf), a Georgia corporation. Carpenter is also the vice-president of Gulf, and owns fifty percent of the corporation's stock. The other fifty-percent of the stock is owned by Edward Moody, Gulf's president.

Gulf was performing refrigeration work on the Gunter Hotel in San Antonio. Gulf was a subcontractor for Eastern. Edward Moody is also the president of Eastern, a Georgia corporation, and is the corporation's sole shareholder.

Schaeffer initially sued Carpenter, and then joined Gulf, Eastern and Moody. Carpenter did not answer the suit, although served, and is currently in default. Gulf answered and subjected itself to the court's jurisdiction. Moody and Eastern filed special appearances contesting jurisdiction. *See* TEX.R.CIV.P. 120a. After the trial court sustained the special appearances of Moody and Eastern, Schaeffer requested the court to sever the actions against these two defendants so that she could appeal the dismissal. The trial court granted appellant's request and the actions were severed.

Appellant contends in two points of error that the court erred in sustaining pleas to the jurisdiction and in entering an order of dismissal because the court acquired jurisdiction over the defendant Eastern Refrigeration, and over the defendant Edward Moody. It was appellant's contention that Moody, Eastern, Gulf and Carpenter were

involved in a joint venture or partnership in Texas at the time of the accident; and that Carpenter was operating the van within the scope and course of that joint venture or partnership when appellant was injured. Appellant further alleged that Eastern and Gulf were mere shell corporations formed to protect Moody, and as such, both corporations were undercapitalized and/or failed to maintain liability insurance to pay Schaeffer's damages. Thus appellant contends that Moody, as the alter ego of both corporations, is personally liable for appellant's injuries.

Appellant argues that TEX.REV.CIV. STAT.ANN. art. 2031b, § 4,[1] the Texas Long-Arm Jurisdiction Statute in Suits on Business Transactions or Tort, provides a basis for the trial court's asserting jurisdiction. This article provides, in pertinent part:

> For the purposes of this Act, and without including other acts that may constitute doing business, any foreign corporation, joint stock company, association, partnership, or nonresident natural person shall be deemed doing business in this State by entering into contract by mail or otherwise with a resident of Texas to be performed in whole or in part by either party in this State, or the committing of any tort in whole or in part in this State. The act of recruiting Texas residents, directly or through an intermediary located in Texas, for employment inside or outside of Texas, shall be deemed doing business in this State.[2]

Appellant perfected service on the defendants pursuant to TEX.REV.CIV.STAT. ANN. art. 2039a, the Nonresident Motor Vehicle Operator Long-Arm Jurisdiction Statute.[3] The appellees contend that appellant cannot now rely on article 2031b since

service was pursuant to article 2039a. This contention is without merit.

■ Service can be perfected pursuant to either article 2031b or 2039a if the facts alleged in the plaintiff's original petition provide a basis for asserting jurisdiction under either statute; even though it would be better to serve process under the more specific statute. *Quiroz v. McNamara*, 585 S.W.2d 859 (Tex.Civ.App.—Tyler 1979, no writ). Furthermore, "the correct procedure to challenge a defect in *the manner* of obtaining jurisdiction (service or process) is by a Rule 122 motion to quash citation." *Kawasaki Steel Corp. v. Middleton*, 699 S.W.2d 199, 202 (Tex.1985). (Emphasis in original).

Appellees attack the method or manner of obtaining service. A special appearance pursuant to Rule 120a permits a nonresident defendant to appear to object to the jurisdiction of the court on the ground that the party or property is not amenable to process issued by a Texas court. "Not amenable to process" means that the Texas courts cannot, under the federal or state constitutions or state statutes, validly obtain jurisdiction with regard to the cause of action pled. *Id.* The burden of proof and persuasion that the court is without jurisdiction is upon the defendant challenging jurisdiction. *Siskind v. Villa Foundation for Education, Inc.*, 642 S.W.2d 434 (Tex. 1982). This burden requires the defendant to negate all bases for personal jurisdiction. *Id.*

In the instant case, appellant sought to obtain service and assert jurisdiction over the defendants pursuant to the Texas Nonresident Motor Vehicle Operator Long-Arm

---

**1.** Article 2031b and Article 2039a, the Texas Nonresident Motor Vehicle Operator Long-Arm Jurisdiction Statute, were repealed by Acts 1985, 69th Leg., p. 7218, ch. 959, § 9(1) effective Sept. 1, 1985. *See now,* TEX.CIVIL PRACTICE AND REMEDIES CODE ANN., Ch. 17, Subchapters C and D (Vernon 1986). Section 10 of the Act enacting the Civil Practice and Remedies Code provides that "this Act is intended as a recodification only, and no substantive change in the law is intended by this Act." Thus, prior decisions involving articles 2031b and 2039a are still controlling.

**2.** *See now* TEX.CIVIL PRACTICE & REMEDIES CODE § 17.042 (Vernon 1986).

**3.** *See* Footnote No. 1 and TEX.CIV.PRACTICE & REMEDIES CODE § 17.061 et seq. (Vernon 1986).

Statute. This statute provides, in pertinent part:

> The acceptance by a nonresident of this State ... or the acceptance by his agent, servant, employee, ... of the rights, privilege and benefits extended by law to such persons of operating a motor vehicle or motorcycle or of having the same driven or operated within the State of Texas shall be deemed equivalent to an appointment by such nonresident and of his agent, servant, employee, ... of the Chairman of the State Highway Commission of this State, or his successor in office, to be his true and lawful attorney and agent upon whom may be served all lawful process in any civil action or proceeding now pending or hereafter instituted against said nonresident, his agent, servant, employee ... growing out of any accident, or collision in which said nonresident, his agent, servant, employee ... may be involved while operating a motor vehicle or motorcycle within this State, either in person or by his agent, servant, employee ... and said acceptance or operation shall be a signification of the agreement of said nonresident, or his agent, servant, employee ... that any such process against him or against his agent, servant, employee ... served upon said Chairman of the State Highway Commission or his successor in office shall be of the same legal force and validity as if served personally.

At the hearing on the special appearance, it was established that Carpenter was an employee of Gulf. Schaeffer alleged that Carpenter was also an employee of Eastern and was involved in a partnership or joint venture with Moody, Eastern and Gulf. The burden of proof was upon the defendants to show that they had not accepted the privileges or benefits extended to persons operating motor vehicles in Texas, through their employees, agents or servants, et cetera.

■ This burden was not met at the special appearance hearing. The appellees contested jurisdiction on the basis of article 2031b rather than article 2039a, and attempted to show that they lacked the minimum contacts with Texas that would permit the courts of this state to assert jurisdiction over them without offending traditional notions of fair play and substantial justice. See *International Shoe, Inc. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); *U-Anchor Advertising, Inc. v. Burt*, 553 S.W.2d 760 (Tex.1977), cert. denied, 434 U.S. 1063, 98 S.Ct. 1235, 55 L.Ed.2d 763 (1978). The appellees did not attempt to negate jurisdiction under article 2039a, as was their burden.

■ The order entered herein, sustaining the defendants' special appearance and dismissing the cause of action against Eastern and Moody, does not specify the basis upon which the trial court determined that it lacked jurisdiction. As we have the statement of facts from the special appearance before us, we are not required to assume that sufficient evidence was introduced to support the ruling of the trial court. *Home Service Casualty Insurance Co. v. Barry*, 277 S.W.2d 280 (Tex.Civ.App.—Waco 1955, writ ref'd n.r.e.). Thus we review all of the evidence presented at the hearing to determine if the appellees discharged their burden of proving that the court lacked jurisdiction. *Carbonit Houston, Inc. v. Exchange Bank*, 628 S.W.2d 826 (Tex.App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.). Once the plaintiff has alleged facts that establish a basis for exercising jurisdiction, the burden is on the defendant to negate jurisdiction under those facts. *Minexa Arizona, Inc. v. Staubach*, 667 S.W.2d 563 (Tex.App.—Dallas 1984, no writ). Disproving jurisdiction under one statute would not necessarily disprove jurisdiction on all grounds. Therefore, the fact that the appellees attempted to contest jurisdiction under article 2031b does not necessarily negate jurisdiction under article 2039a.

■ Article 2039a authorizes the courts to assert jurisdiction over nonresident motor vehicle operators merely because a nonresident or his agent, employee, etc., uses the roadways of this state if the cause of action addresses an accident or collision

**322**

occurring on state highways or streets. Furthermore, the nonresident is deemed to have submitted himself to the jurisdiction of the Texas courts and consented to be sued in them. *Jacobsen v. Brown,* 105 S.W.2d 1108 (Tex.Civ.App.—Dallas 1937, writ dism'd w.o.j.). However, the only cause of action the nonresident submits to is one based upon a motor vehicle accident resulting from operating a vehicle in Texas. The burden was upon appellees to show that neither they nor their agents or employees were involved in a motor vehicle accident in Texas in order to defeat jurisdiction. Our review of the record indicates that evidence was introduced at the special appearance hearing establishing that Carpenter was involved in an accident in Texas, in a van paid for by Gulf, and while working on a contract procured by Moody for Eastern and subcontracted to Gulf. Furthermore, the evidence established that Carpenter was driving the van in the course and scope of his employment at the time of the accident. There was no evidence to negate an agency or employee relationship between the defendants. Thus the appellees did not discharge their burden of proof.

Appellant's points of error one and two are sustained. The trial court's jurisdiction was established under the Nonresident Motor Vehicle Operator Statute, article 2039a, and was maintained in the absence of proof to the contrary. We hold that the court erred in sustaining the appellees' special appearance and in dismissing appellant's cause of action against Eastern and Moody.

The order of the trial court is reversed and the cause remanded for further proceedings in accordance with this opinion.