**BANK OF AMERICA, N.T.S.A., Appellant,**

v.

**John LOVE, d/b/a Grande Motors, Appellee.**

**No. 04-87-00707-CV.**

Court of Appeals of Texas, San Antonio.

May 3, 1989.

Rehearing Denied June 14, 1989.

John P. Lilly, Brice & Mankoff, Dallas, for appellant.

R.L. Mays, Jr., San Antonio, for appellee.

Before CADENA, C.J., and REEVES and BIERY, JJ.

OPINION

CADENA, Chief Justice.

Appellant, Bank of America, appealed by writ of error a default judgment entered against it in appellee's action alleging conversion, breach of contract and usury. We reverse.

Appellant complains that the trial court erred in granting a default judgment because service purportedly under the Texas long arm statute was insufficient to invoke the personal jurisdiction of the trial court.

The Texas long arm statute provides that a nonresident defendant may be served by substituted service on the secretary of state. TEX.CIV.PRAC. & REM.CODE ANN. § 17.044 (Vernon 1986). The secretary of state shall require a statement of the nonresident's name and home office address, and the secretary shall immediately forward the process to the nonresident. *Id.* § 17.045(a).

The record does not indicate that process was forwarded to appellant at its home office. Appellee's trial pleadings make no reference to appellant's home office. The petition merely alleges that appellant's "address is P.O. Box 278, Brea, California, 72622...."[1] The certificate of the secretary of state recites that the citation and petition were mailed by certified mail, return receipt requested, to "Bank of America, P.O. Box 278, Brea, California, 72622," with no mention of whether the address was that of the bank's home office. The receipt was returned to the secretary of state purportedly bearing the "signature of addressee's agent." Nothing indicates that that address is that of the appellant's home office.

A default judgment entered following substituted service is void where there has not been strict compliance with the rules relating to service of citation. *Ashley Forest Apartments v. Almy,* 762 S.W.2d 293, 295 (Tex.App.—Houston [14th Dist.] 1988, no writ); *Houtex Managing General Agency, Inc. v. Hardcastle,* 735 S.W.2d 520, 522 (Tex.App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.); *Verges v. Lomas & Nettleton Financial Corporation,* 642 S.W.2d 820 (Tex.App.—Dallas 1982, no writ). In order to support a default judgment resting on substituted service, plaintiff's pleadings must allege facts which, if true, would establish defendant's amenability to such service and plaintiff must prove that defendant was, in fact, served in the manner required by the statute. *See Capitol Brick, Inc. v. Fleming Mfg. Co.,* 722 S.W.2d 399, 401 (Tex.1986).

To uphold the assertion of jurisdiction by the Texas court in this case requires assuming that the post office box which is

1. The court takes judicial notice that the zip code 72622 is not a valid zip code. The zip code for Brea, California is 92622. TEX.R.CIV.EVID. 201.

only described in the pleadings as appellant's "address" is, in fact, the address of appellant's home office.

We cannot do so without violating the rule that no presumptions will be indulged in favor of the validity of a default judgment. *United States v. Charter Bank Northwest,* 694 S.W.2d 16, 18 (Tex.App.—Corpus Christi 1985, no writ). For example, in *C.W. Bollinger Insurance Co. v. Fish,* 699 S.W.2d 645, 650 (Tex.App.—Austin 1985, no writ) the court held that service to the "last known address" of the defendant did not satisfy the requirement under TEX.INS.CODE ANN. art. 1.14–1 that the defendant be served at his "last known principal place of business."

Whether appellant received actual notice is irrelevant because a defendant's actual notice that a suit has been filed against him is not sufficient unless such notice was received in the manner prescribed by statute. *Cf. BLS Limousine Service, Inc. v. Buslease Inc.,* 680 S.W.2d 543, 546 (Tex.App.—Dallas 1984, writ ref'd n.r.e.).

Since point of error one is sustained we need not consider appellant's due process point of error.

Appellant complains that the trial court erred in granting a default judgment based upon a state law usury claim because federal law preempts state law. Since there are no findings of fact or conclusions of law, there is no basis for holding that the judgment was based on a claim of usury. *American Communications Telecommunications, Inc. v. Commerce North Bank,* 691 S.W.2d 44, 46 (Tex.App.—San Antonio 1985, writ ref'd n.r.e.).

Since the cause is being remanded for a new trial, we need not consider the points challenging the sufficiency of the pleadings and proof of damages to support a default judgment.

The default judgment is set aside and the cause is remanded to the trial court for further proceedings.