IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00038-CV

 

Wachovia Bank of Delaware, N.A. 

f/k/a First Union National Bank 

of Delaware,

                                                                      Appellant

 v.

 

Marjorie Gilliam and 

Patsy Charline Fowler,

                                                                      Appellees

 

 

 



From the 40th District Court

Ellis County, Texas

Trial Court No. 66293

 



MEMORANDUM  Opinion










 

          Wachovia Bank of Delaware, N.A. f/k/a
First Union National Bank of Delaware filed this restricted appeal seeking to
set aside a default judgment for defective service of process.  We affirm.




Background

          Wachovia is the owner and holder of a
home equity lien against the homestead of Patsy Charline Fowler.  On August 1,
2003, Fowler and Marjorie Gilliam[1]
(Appellees) filed suit against Wachovia requesting a declaratory judgment that
the home equity lien is invalid and seeking to permanently enjoin Wachovia from
foreclosing on the lien.  Because no answer was filed by Wachovia, the trial
court rendered a default judgment against it on September 25, 2003.  Wachovia
filed this restricted appeal on January 20, 2004.

Restricted Appeal

          “A restricted appeal is available for
the limited purpose of providing a party that did not participate at trial with
the opportunity to correct an erroneous judgment.”  Campbell v.
Fincher 72 S.W.3d 723, 724 (Tex. App.—Waco 2002, no pet.).  A direct attack
on a default judgment by restricted appeal must:  (1) be brought within six
months after the final judgment is signed; (2) by a party to the lawsuit; (3)
who did not participate at trial; and (4) the error complained of must be apparent
from the face of the record.  Tex. R.
App. P. 30; Quaestor Invs., Inc. v. State of Chiapas, 997 S.W.2d
226, 227 (Tex. 1999); Campbell, 72 S.W.3d at 724.

          The record shows that Wachovia filed
this restricted appeal within six months after the trial court signed the
default judgment.  Wachovia was a named defendant in the lawsuit, and the
reporter’s record demonstrates that Wachovia did not participate at the
hearing.  Therefore, we turn to whether reversible error is apparent from the
record.

          Wachovia argues in its sole issue that
the default judgment is void because the record does not affirmatively show
that the trial court had personal jurisdiction over Wachovia due to the failure
of the Appellees to strictly comply with the service requirements of the Texas
long-arm statute.

Strict Compliance with Service of Citation

          Proper citation and return of service
is essential to establish personal jurisdiction.  Therefore, compliance with
service of process statutes is strictly enforced.  Seeley v. KCI USA, Inc.,
100 S.W.3d 276, 278 (Tex. App.—San Antonio 2002, no pet.).  A default judgment
is improper against a defendant who has not been served in strict compliance
with the law, even if the defendant had actual knowledge of the lawsuit,
because the trial court did not have personal jurisdiction over the defendant. 
Frazier v. Dikovitsky, 144 S.W.3d 146, 148-49 (Tex. App.—Texarkana 2004,
no pet.); Bank of Am., N.T.S.A. v. Love, 770 S.W.2d 890, 891 (Tex.
App.—San Antonio 1989, writ denied).  In a direct attack on a default judgment
by restricted appeal, there are no presumptions of valid issuance, service, and
return of citation, and strict compliance must affirmatively appear on the
record.  Frazier, 144 S.W.3d at 148-49; Bank of Am., 770
S.W.2d at 891.  The plaintiff bears the burden to affirmatively show strict
compliance, and must allege facts in its pleadings which, if true, would
establish defendant's amenability to such service.  Wilson v. Dunn,
800 S.W.2d 833, 836 (Tex. 1990); Frazier, 144 S.W.3d at 149.

          Wachovia argues that Appellees did not
comply with the service requirements of section 17.045 of the Texas Civil
Practice and Remedies Code because they failed to state that the address listed
was Wachovia’s “home or home office.”  Tex.
Civ. Prac. & Rem. Code Ann. § 17.045 (Vernon Supp. 2004-2005).  The
record affirms that Appellees did not use the words “home or home office” in
their pleadings.  Section 17.045 requires this language, and many a default
judgment has been reversed because the plaintiff did not strictly comply with
the statute by failing to characterize the defendant’s address as its “home or
home office.”  Tex. Civ. Prac. &
Rem. Code Ann. § 17.045; Seeley, 100 S.W.3d at 279; Whiskeman
v. Lama, 847 S.W.2d 327, 330 (Tex. App.—El Paso 1993, no writ); Bank of
Am., 770 S.W.2d at 892; see contra Mahon v. Caldwell, Haddad,
Skaggs, Inc., 783 S.W.2d 769, 771 (Tex. App.—Fort Worth 1990, no writ).  However,
Appellees argue that service of process was properly accomplished not under
section 17.045, but under article 8.10 of the Texas Business Corporation Act.  Tex. Bus. Corp. Act Ann. art. 8.10 (Vernon 2003).

          Appellees argue that because article
8.10 governs service of process upon foreign corporations, we must review for
strict compliance using the requirements of article 8.10.  Tex. Bus. Corp. Act Ann. art. 8.10.  We
note that Appellees did not reference in their pleadings which long-arm statute
was used to effectuate service upon Wachovia, nor do they cite any authority that
would allow them to elect which statute applies for the first time on appeal.

          Texas has several long-arm statutes,
and more than one may apply to a single defendant.  Because a plaintiff must
strictly comply with the requirements of at least one of these statutes, due
process concerns are alleviated.  See Campus Investments, Inc. v. Cullever,
141 S.W.3d 641, 643 (Tex. App.—Houston [1st Dist.] 2003), aff’d, 144
S.W.3d 464 (Tex. 2004).  Therefore, as long as strict compliance is found under
any of the long-arm statutes applicable to the defendant, service is proper and
a default judgment will not be reversed.  See Schaeffer v. Moody,
705 S.W.2d 318, 320 (Tex. App.—San Antonio 1986, writ ref’d n.r.e.) (“service
can be perfected pursuant to either [statute] if the facts alleged in the plaintiff’s
original petition provide a basis for asserting jurisdiction under either
statute”) (citing Quiroz v. McNamara, 585 S.W.2d 859 (Tex. Civ.
App.—Tyler 1979, no writ)); C.W. Bollinger Ins. Co. v. Fish, 699 S.W.2d
645, 648 (Tex. App.—Austin 1985, no writ) (reviewing three applicable long-arm
statutes for strict compliance).  Furthermore, while a careful plaintiff cites
the specific statute being used to effectuate service, there is no authority requiring
him to do so.  See Schaeffer, 705 S.W.2d at 319-20.

          As stated above, Appellees did not
strictly comply with section 17.045.  Therefore, we look to whether they may properly
serve Wachovia with process under article 8.10, and if so, whether they
strictly complied with the requirements for service of process under article
8.10.  

          Article
8.10 governs service of process upon foreign corporations.  Autozone, Inc.
v. Duenes, 108 S.W.3d 917, 920 (Tex. App.—Corpus Christi 2003, no pet.).

Whenever a foreign corporation authorized to
transact business in this State shall fail to appoint or maintain a registered
agent in this State . . . then the Secretary of State shall be an agent of such
corporation upon whom any such process, notice, or demand may be served. 
Service on the Secretary of State of any such process, notice, or demand shall
be made by delivering to and leaving with him, or with the Assistant Secretary
of State, or with any clerk having charge of the corporation department of his
office, duplicate copies of such process, notice, or demand.  In the event any
such process, notice or demand is served on the Secretary of State, he shall
immediately cause one of such copies thereof to be forwarded by registered
mail, addressed to the corporation at its principal office in the state or
country under the laws of which it is incorporated.  

 

Tex. Bus. Corp. Act
Ann. art. 8.10 § B.

          Appellees allege in their petition
that 

Wachovia . . . is a national bank, is a
nonresident engaged in business in Texas and does not maintain a regular place
of business or have a designated agent for service in Texas, and may be served
with a citation directed to said Defendant at the following address by serving
any officer of the bank . . . Service of said Defendant as described above can
be effected by personal delivery or by service via the Texas Secretary of
State.

 

          Appellees’ petition contains all the
information necessary to properly obtain substituted service of process
pursuant to article 8.10.  Readwood Group, L.L.C. v. Louiseau, 113
S.W.3d 866, 870 (Tex. App.—Austin 2003, no pet.) (finding that stating that a
nonresident failed to appoint or maintain a registered agent is an essential
jurisdictional fact).  The record demonstrates that service of process was
effected upon the Secretary of State, and that the Secretary forwarded service
to Wachovia. See Roland Commun., Inc. v. Am. Commun., 662 S.W.2d 145,
146 (Tex. App.—Corpus Christi 1983, no writ).  The record reflects that the
Secretary of State certified that the return receipt was received bearing the
signature of Wachovia’s agent.  Therefore, we find that Appellees strictly
complied with the requirements of service of process under article 8.10.  See
Tex. Bus. Corp. Act Ann. art.
8.10; Firence Footwear Co. v. Campbell, 411 S.W.2d 636, 638 (Tex.
Civ. App.—Houston 1967, writ ref’d n.r.e.).  Accordingly, the trial court had
jurisdiction over Wachovia.  See Wilson, 800 S.W.2d at 836;
Campus Investments, Inc., 141 S.W.3d at 643.  We overrule Wachovia’s only
issue.

Conclusion

          We affirm the judgment of the trial
court.

 

                                                                    FELIPE
REYNA

                                                                   Justice

 

Before Chief Justice
Gray,

          Justice
Vance, and

          Justice Reyna

          (Chief
Justice Gray concurring)

Affirmed

Opinion delivered and
filed June 29, 2005

[CV06]









    [1]       Appellees
allege in their pleadings that Gilliam, by the death of her father (Fowler’s
husband), acquired a 25% interest in the homestead.  Because Gilliam was not a
signatory on the home equity lien, Appellees argue that the lien is invalid.